## ALLIN v. MULLER.

### No. 4103.

Court of Civil Appeals of Texas. El Paso.

June 19, 1941.

Frank M. Rosson and Moursund, Ball, Moursund & Bergstrom, all of San Antonio, for appellant.

Randle Taylor, of San Antonio, for appellee.

WALTHALL, Justice.

On October 29, 1929, E. M. Muller and wife, Thelma I. Muller, executed and delivered their certain promissory installment note No. 1, payable to National Bond and Mortgage Corporation, payable in monthly installments of $20.61, beginning on November 29, 1929, and a payment of a like sum on the same day of each and every consecutive month thereafter until and including September 29, 1939, and further providing for the additional amount of $1,145.61 payable on October 29, 1939; said note further stipulating that "said installments shall not bear interest until after maturity but each past due installment shall bear interest at the rate of ten per cent (10%) per annum from the date it becomes due." The installments were paid when they became due.

On August 10, 1937, defendant F. A. Allin purchased the note. At that time the unpaid principal of the note amounted to $1,554.52, and unpaid interest $126.95. After Allin became the owner of the note, the payors made installment payments when due aggregating the sum of $535.86.

On October 18, 1939, upon demand of Allin, or his agent, Muller and wife paid the sum of $1,219.58, as the last payment due on the note, and paid several days before it became due and payable.

The twenty-seven installments paid amounted to the total sum of $1,755.44 paid by Muller to Allin, whereas the Mullers claimed the amount due was $1,554.52, and which amount paid was $200.92 in excess of the amount claimed to be due on the note, for which excess amount Muller and wife sue to recover.

The case was tried before the court without a jury. The mistake in the payment

was not discovered until after the return of the cancelled note. The court made and filed no findings of fact, but in the judgment found all the facts in favor of the Mullers, and so entered judgment. From this judgment the defendant perfected this appeal.

The appellant's contention is the deed of trust and note are to be construed as a unit and constitute one contract, and that the deed of trust provides for interest on the note at six per cent, as found in the following provision of the deed of trust.

"If any installment of said note is not paid when due, the holder thereof shall, as long as such installment remains unpaid, have the option to declare the entire unpaid principal amount thereof due and payable and foreclose the liens hereby created to secure the payment thereof. In the event of such acceleration the unpaid principal amount of said note shall be determined as follows: (The initial principal of said note shall be considered as $2475.00 and each installment shall be applied first to interest on the unpaid principal at the rate of six per cent (6%) per annum to date of payment and any balance to the principal. Any part of such principal remaining unpaid after said application of the installments paid shall be the principal amount on said note in the event of such acceleration of its maturity.)"

■ The above provision of the deed of trust merely supplies the formula by which the amount remaining due in case of default and acceleration of payment may be determined. It would not be the total sum represented by the unpaid installments, because to do so would permit the collection of interest the money had not earned.

The provisions of the note and deed of trust are entirely consistent and free from conflict. The deed of trust neither adds to nor takes from the note. The note obligates the makers to pay the total sum of $3,618.81 spread over a period of ten years, and payable in 121 monthly installments. The first 120 installments are for $20.61 each, and the final payment is for $1,145.61.

The deed of trust recites the facts to be that the original holder, National Bond and Mortgage Corporation, took up and rearranged the balance of $1,833.38 due on a mechanic's lien and note in an original sum of $2,900, and the balance in the sum of $414.62 due on a vendor's lien note in an original sum of $682, making a total sum of $2,248 taken up by the original payee, National Bond and Mortgage Corporation. Of the sum of $3,618.81 represented by the note, $2,248 was principal and $1,370.81 was interest.

The above provision of the deed of trust does not provide for interest on the debt nor fix the rate of interest. As said by Mr. Muller, one of the makers of the note, in his testimony, "the interest was figured in."

■ When the defendant, Dr. F. A. Allin, purchased the note August 10, 1937, ninety-four of the one hundred and twenty $20.61 payments had been made, or a total of $1,937.34 paid on the note, leaving a balance of $1,681.47. $1,554.52 of the amount remaining unpaid was principal and $126.95 interest. Dr. Allin on his books set up the $1,554.52 principal item as such, and computed interest on it at six per cent from month to month and applied the monthly payments to the interest thus erroneously computed and the balance to the principal. This was his error, as a result of which he collected $1,755.44, whereas there was due him the balance due on the note when he purchased it, $1,681.47, principal and interest. The Mullers regarded the principal of $1,554.52 remaining due on the note when Dr. Allin purchased it as the total sum remaining due, rather than $1,681.47, the amount actually remaining unpaid. This is their error. The overpayment is $73.97, and not $200.92.

The judgment is, therefore, reformed and a recovery ordered of $73.97, with six per cent interest from the date paid to the date of refund.

The costs of the trial court will be taxed against the defendant, Dr. Allin, and the costs of appeal against the plaintiffs, the Mullers.