PEARSON, Judge.
Daniel I. Wincor presented this court with a petition in which he alleged, essentially, that he had timely filed three successive demands for speedy trial during three successive terms of the Criminal Court of Record and was not brought to trial before the third successive term of that court ended. He prayed that we issue an alternative writ of mandamus commanding the respondent judge of the Criminal Court of Record to dismiss the charges against him or show cause why the charges should not be dismissed. We issued a rule directing the respondent to show cause why an alternative writ should not be issued and respondent has filed a return and a brief.
The sole question we must answer is whether the pleading petitioner asserts to be his first written demand for speedy trial was in fact such a demand. If petitioner’s position is correct, the provisions of § 915.01(2), Fla.Stat., F.S.A., require his discharge from the crimes he is accused of having committed. The first paragraph of the omnibus pleading which petitioner urges contains his first demand for speedy trial as- required by § 915.01(2) is a motion for the entry of an order in accordance with a mandate of this court. (We had directed the dismissal of Counts IV and V of the information filed against petitioner because they were legally insufficient.) The second and last paragraph reads as follows: “The Defendant [petitioner] further moves the Court for leave to withdraw his waiver of Jury Trial heretofore filed herein and hereby demands trial forthwith by jury.” (Emphasis added.) Petitioner urges that this paragraph contains two motions, one seeking'permission to withdraw his waiver of jury trial, the other (the emphasized portion) his first demand for speedy trial.
We hold that the emphasized portion of the last paragraph does not constitute a demand for speedy trial as required by § 915.01(2), Fla.Stat., F.S.A. The purpose of the statute is clearly to put the prosecuting officer on notice that the accused is seeking to be tried within the time provided or be discharged. In modern criminal practice where one term of the Criminal Court of Record follows another every two months and where prosecuting officers are responsible for hundreds of pending cases, justice will not be served by our construing a demand for jury trial (plus the single word “forthwith”) joined with another motion to be a demand for speedy trial within the meaning of § 915.01 (2), Fla.Stat., F.S.A.
The burden of invoking the beneficial provisions of § 915, Fla.Stat., F.S.A., is upon the accused. See Dickey v. Circuit Court, Gadsden County, Quincy, Fla., Fla.1967, 200 So.2d 521, 525. We hold that *765 the petitioner has not carried the burden of invoking the statute and dismiss the petition.
Petition dismissed.