PEARSON, Judge.
This suggestion for writ of prohibition is based upon an allegation that relator may not be tried because he filed three successive demands for speedy trial in three successive terms of court pursuant to § 915.01(2), Fla.Stat., F.S.A., and was not tried within the third term. Prior to the expiration of the third term a nolle prosequi was entered upon the prior information, and another information was filed. Upon the expiration of the third term this suggestion was filed. Respondent asserts that the demands referred to by the relator were directed to prior informations and not the information upon which relator is now being prosecuted.
The suggestion, the reply of the respondent, and the briefs make clear that the sole question presented is whether the *86 state may avoid the effect of § 915.01 (2),[1] Fla.Stat., by dismissing the prosecution of respondent and then subsequently refiling the same charge under a new information.
The failure of the state to proceed to trial before the expiration of the third term, coupled with the relator’s filing of the requisite number of demands for speedy trial, forever discharged relator from the crime with which he was charged. This is true because the statute refers to “crime” — not “information”- — -and because the operation of the statute once properly invoked is mandatory — not discretionary.
It is clear in the instant case that the nolle prosequi was entered by the prosecution solely for the purpose of avoiding the effect of the statute. The reply to the suggestion contains the statement: “The respondent admits the accuracy of all factual allegations contained in the suggestion for the writ of prohibition and the exhibits thereto.” No other reason for the discontinuance of the first prosecution is given.
A general rule of construction is that remedial statutes are to be construed liberally in order to give them the beneficial effect intended. Becker v. Amos, 105 Fla. 231, 141 So. 136, 80 A.L.R. 1480 (1932); Howard v. American Service Mutual Insurance Co., Fla.App.1963, 151 So.2d 682, 8 A.L.R.3d 382. In this instance the beneficial effect is to enforce the constitutional right of a speedy trial in criminal cases. A holding that the statute applies to the information filed and not the crime for which the accused is prosecuted would make possible the indefinite postponement of prosecution for a crime by the simple expedient of a continuous entry of nolle prosequis and a continuous refiling of in-formations charging the same crime. This would violate the right of one accused of a crime to a speedy trial, which right is guaranteed by the Declaration of Rights, § 16, Florida Constitution, F.S.A., and the Sixth and Fourteenth Amendments of the United States Constitution. Cf. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).
In view of our holding we anticipate that the trial court will discharge the relator and that no further action will be taken except upon further petition.

. “When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.”