PER CURIAM.
This is an original proceeding in prohibition. The suggestion alleged that the relator, having been informed against for a crime triable in the criminal court of record in Dade County, while released on bond had made written demand for trial in three successive terms of the court, during which she was not brought to trial. The suggestion sought a writ to prohibit the court from proceeding with a trial scheduled for a subsequent term. We issued a rule nisi, and thereafter the cause was heard and considered on the suggestion and the briefs and arguments of counsel.
The state does not dispute the allegations of the suggestion as to the written demands for trial in three successive terms of the court, and that the defendant was not tried prior to the end of the third term, but contends there were circumstances amounting to waiver by the defendant, or which otherwise were such as to legally justify subsequent trial. However, the matters upon which the state places such reliance are not disclosed in the record here.
The suggestion made a prima facie case for discharge of the relator under § 915.01 (2) Fla.Stat., F.S.A. See State ex rel. Bird v. Stedman, Fla.App.1969, 223 So. 2d 85. The state argues that the suggestion in prohibition in such case must negative, and show the absence of circumstances which could operate as a waiver by the defendant, or which otherwise could justify the subsequent trial. We cannot agree. It is essential that any such circumstances or matters which may have been present at the proceedings in the trial court, which in legal effect could operate to render nugatory the defendant’s right to discharge as conferred by the statute for not having been tried timely as pro *45 vided for therein, should appear in the record in the trial court, and be duly presented here by the respondent.
Accordingly, the rule nisi in prohibition is made absolute. Unless necessary, a formal writ of prohibition will not be issued.
It is so ordered.