PEARSON, Chief Judge.
The relator has filed in this court her suggestion for a writ of prohibition. The suggestion alleges that the relator filed three successive written demands for speedy trial in three successive terms of court (serving a copy of each demand upon the prosecuting attorney), that she was not brought to trial at or before the expiration of the three full terms of court, and that she did not cause any delay.[1] We *187 issued a rule nisi, and the respondent has filed his return.
The single question presented is one of law: are demands for a speedy trial as contemplated by § 915.01(2), Fla.Stat., F.S. A., effective if made during the period after an accused has been arrested and released upon bond but before he has been held by a committing magistrate to answer to a criminal charge? The statute we are called upon to interpret reads as follows:
“915.01 Speedy trial; reduction of bail; discharge of prisoner.
(1) * * *
(2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.”
The relator takes the position that the plain language of the section grants to an accused the right to file his demand for a speedy trial as soon as he has been arrested and released on bond. The respondent on the other hand urges that a demand for speedy trial is effective in relation to § 915.01 (2) only after a committing magistrate determines at a preliminary hearing that probable cause exists to hold for trial one who has been arrested for allegedly committing a crime. That is to say, even though a person has been arrested for having allegedly committed a crime, he is not committed to answer a criminal charge until a committing magistrate determines at a preliminary hearing that probable cause exists to hold the accused for trial. The respondent points out that the relator was subject to the jurisdiction of the committing magistrate until a preliminary hearing was held and that the criminal court of record had no jurisdiction over the relator until a committing magistrate conducted a preliminary hearing and found probable cause to hold relator to answer to the criminal court of record. The conclusion of this argument is that a judge of the criminal court of record may not be regarded as having failed to accord an accused a speedy trial during the period when the court could not have tried him.
The fundamental conflict between the petitioner and respondent is upon the purpose of the statute. The relator contends that the purpose of the statute is to provide legal machinery whereby a defendant who has been arrested and released on bond may secure his release from the charge upon which the arrest is based if he is not afforded his constitutional right to a speedy trial. The respondent urges that the purpose of the statute is to give a defendant who has been formally held by a committing magistrate to answer to a charge (pursuant to Rule 1.122, Florida Rules of Criminal Procedure, 33 F.S.A.) the right to trial within three terms of the court to which the defendant has been held to answer.
We hold that the relator has correctly interpreted the statute as one which implements the constitutional right to a speedy trial. Subsection (2) of § 915.01 makes no explicit or implicit reference to a formal holding by a committing magistrate. It begins with a provision that “when a person has been arrested [emphasis added] and released on bond” and thereafter immediately describes the means by which a speedy trial may be secured. The purpose of this subsection is to prevent the state from arresting a person in haste and prosecuting him at leisure.
*188 Respondent’s reliance upon Gossett v. Hanlon, Fla.App.1967, 195 So.2d 865, as authority for his assertion, that a defendant becomes entitled to a speedy trial only after he has been formally held by a committing magistrate to answer to a charge appears to us to be misplaced. We do not find that proposition either announced or implied in the opinion. We find rather that the court in that case held that § 915.01 confers jurisdiction upon a trial judge through the exercise of his general jurisdiction to act prior to the filing of an information to protect the right of accused to a speedy trial. The reasoning underlying the holding in Gossett v. Hanlon is equally applicable to the present case:
“The statute of limitations has been tolled by the issuance of the coroner’s warrant for service. See State v. Emanuel, Fla.App.1963, 153 So.2d 839. The petitioner remains a criminal accused, restricted by the limitations of his bail, faced with the oppressive burden of defending a trial that may come, if at all, at some far-off date, his right to a speedy trial denied without any realistic relief. This is not the intent of the statute as we interpret it. * * * The state cannot arrest an accused in haste and then prosecute the case at its leisure. An individual cannot be placed in the demoralizing position of being an untried accused for an interminable period of time. The trial court’s refusal to discharge the petitioner by denial of his motion has placed the petitioner in a legal limbo and made the duration of his accused state controlled solely by the whim and caprice of the county solicitor.” 195 So.2d at 868.
In Gossett v. Hanlon the court held that the filing of an indictment or information is not a condition precedent to obtaining the protection of § 915.01(2). In the present case we hold that a preliminary hearing is not a condition precedent to obtaining the protection of § 915.01(2).
We therefore conclude that the return to the rule nisi does not present a defense to the prima facie case made by the suggestion and that the rule absolute in prohibition should issue. We withhold the issuance of a formal writ in full confidence that the trial court will discharge the petitioner in accordance with the law as herein set forth.

. The suggestion for writ of prohibition alleges :
“(1) The Relator herein was arrested between March 26, 1969 and March 28, 1969, a more specific date being unknown to Relator, and charged with the crimes of Manslaughter and Possession of Cocaine.
“(2) That Relator posted appearance bonds and was released pursuant thereto on March 28, 1969. * * *
“(3) Thereafter, Relator filed three (3) successive written Demands for
Speedy Trial in three (3) successive terms of Court and served a copy of each upon the prosecuting attorney on the following dates for the terms of Court indicated thereafter * » *:
(a) Filed on April 7, 1969 in the February, 1969 term;
(b) Filed on April ll, 1969 in the April, 1969 term;
(c) Filed on June 30, 1969 in the June, 1969 term;
as required by Section 915.01(2), 2 Florida Statutes 3890 (1967) and Section 32.-03(4) (a), 1 Florida Statutes 149 (1967).
“(4) Despite the foregoing, Relator was not brought to trial at or before the expiration of three (3) full terms of Court during which these Demands for Speedy Trial were made, or on or before August 11, 1969.
“ (5) That thereafter, on August 25, 1969, Informations numbered 69-7124 and 69-7125 were filed by the State Attorney in the Criminal Court of Record, Dade County, Florida, charging Relator with Manslaughter and Possession of Cocaine, respectively.
“(6) That in reliance on said Section 915.01(2), Florida Statutes, Relator filed Motions for Discharge in cases numbered 69-7124 and 69-7125 on August 29, 1969, which Motions were argued before the Court and denied by Respondent on September 5, 1969, * * * contrary to the provisions of Section 915.01(2), 2 Florida Statute 3890 (1967), and in violation of Relator’s constitutional right to a speedy trial as guaranteed by Section 16, Declaration of Rights, Florida Constitution and Amendment VI, United States Constitution, 3 Florida Statutes 4091 (1967).
“(7) That on September 5, 1969, subsequent to the denial of Relator’s Motions for Discharge, the Respondent conducted what purported to be arraignments in cases numbered 69-7124 and 69-7125 and set the cases for trial on February 2, 1970, during the course of which Relator stood mute throughout. * * *
“(8) That thereafter, during two additional, successive terms of Court, Relator filed written Demands for Speedy Trail and served a copy of each upon the prosecuting attorney, on the following dates for the terms of Court indicated thereafter * * *;
(a) Filed on October 9, 1969 in the August, 1969 term;
(b) Filed on December 4, 1969 in the October, 1969 term.
“(9) That thereafter, on January 23, 1970, Relator filed Motions for Discharge of Defendant in cases numbered 69-7124 and 69-7125, both of which were denied by Respondent on January 26, 1970 * * *.
“(10) Despite the foregoing, Relator was not brought to trial at or before the expiration of five (5) full terms of Court during which these Demands for Speedy Trial were made, or on or before December 8, 1969.
*187 “(11) The Relator further states that the attendance of witnesses has not been prevented by herself, and that she has filed no pleadings, seeking a continuance. * * * ”