SWANN, Judge.
A jury found Charles Robertson and Frank Cilinceon guilty of conspiracy to *305 commit bribery. They were adjudicated as guilty and sentenced to serve fifteen months. Their appeals from these adjudications have been consolidated for appellate purposes.
Robertson asserts that the trial court erred in not discharging him because the state failed to comply with his written demands for a speedy trial. His demands for a speedy trial on a separate charge of bribery resulted in his discharge on that charge.
The record shows that Robertson was properly tried on the charge of conspiracy to commit bribery within the third full term of court after filing his written demands for a speedy trial. The provisions of the statute may be invoked upon arrest and do not require the filing of an indictment or information. State ex rel. Buono v. Goodman, Fla.App.1970, 233 So. 2d 185; State ex rel. Bird v. Stedman, Fla.App. 1969, 223 So.2d 85; State ex rel. Wincor v. Turner, Fla.App. 1969, 222 So.2d 763; and § 915.01(2), Fla.Stat.
Robertson next asserts that the trial court erred “in its conduct and supervision of the testimony of the state’s witness Charles Celona.” He contends this broad point is raised on appeal under eight separate assignments of error. A trial court generally is not required to “supervise the testimony” of a witness. It only rules on objections to questions presented to it by the attorneys for the parties and in this respect it may supervise testimony. We have examined these assignments of error and do not believe they raise the broad point argued. See City of Coral Gables v. State, Fla.1949, 38 So.2d 467; and Rules 3.3, 3.5(c), 3.7(f) (4), F.A.R., 32 F. S.A.
The various assignments do raise some of the specific points which Robertson argues under the broad general aspects of his point on appeal and we have, in our discretion and in the interests of justice, examined the alleged errors in light of his contentions. They are numerous and it would serve no useful purpose to enumerate them. We find no reversible error in these rulings by the trial court. A defendant in a criminal case is entitled to a fair trial and not a perfect one. Simpson v. State, Fla.App. 1968, 211 So.2d 862.
Both defendants next complain of various comments made by the prosecution during voir dire of the jury and in summation and of questions asked by the court of a state’s witness during these proceedings. They assert that the trial court erred in not granting their various motions for mistrial and that the comments were so prejudicial as to deprive them of a fair trial. We have examined the various questions and comments which resulted in the motions and complaints of prejudice by these defendants.
In Perry v. State, 146 Fla. 187, 200 So. 525 (1941), the Supreme Court stated:

“ * * * [W]hen an alleged error is committed which does no substantial harm and the defendant is not materially prejudiced by the occurrence, the court should deny the motion for a mistrial.”
* * * * * *
“ * * * Where improper questions are asked a witness by counsel in the presence of the jury, the proper procedure is for the defendant to request the court to instruct the jury to disregard such objectionable remarks, and not that a mistrial be entered by the court, unless the remarks are such that instructing the jury to disregard them would not cure the error. Morris v. State, 100 Fla. 850, 130 So. 582.”
******
The rule pronounced in Perry was not violated by the questions and comments herein challenged; there was no error in the denial of the motions for mistrial and no prejudice sufficient to deny these defendants a fair trial has been demonstrated on appeal.
*306 The trial court permitted the introduction of a tape recording made by Charles Celona into evidence and allowed the jury to hear its contents. The court reporter at trial did not record the statements made from the tape as it was played to the jury. This oversight was discovered when the transcript of the trial proceedings were sought for appellate purposes. The record on appeal was supplemented by the trial court with the tape recording played before the jury. Rule 6.9(d), F.A.R.
The requirements for the admission of a tape recording into evidence have previously been pronounced. See Parnell v. State, Fla.App.1969, 218 So.2d 535; and Gomien v. State, Fla.App.1965, 172 So.2d 511. Those requirements were sufficiently met in the case at bar.
Robertson argues that he was not permitted a voir dire examination of Charles Celona in order to determine the chain of custody of the tape recording and that he was not permitted to examine the state’s expert witness who operated the equipment which was used to play the tape for the jury during the trial. The record shows that Robertson agreed he was not contesting the chain of custody and that proper cross examination of this state’s witness was permitted by the trial judge.
Cilinceon’s objection on this point was that he had been deprived of a full appellate review because the record on appeal did not contain a transcript of the taped testimony. This objection is without merit since the tape recording has been included in the record on appeal by the order of the trial court.
The next point raised is that the trial court erred in limiting the cross examination of the state’s witnesses. The trial court would not permit the defense to inquire on cross examination as to whether Celona’s wife had lived with him prior to their marriage. The trial court sustained an objection to this question and noted that her “interest” had already been established by her testimony that she was the wife of Celona. We find no error in such ruling. Taylor v. State, 139 Fla. 542, 190 So. 691 (1939); Nelson v. State, 99 Fla. 1032, 128 So. 1 (1930); and Sealey v. State, 89 Fla. 439, 105 So. 137 (1925).
The other two questions on cross examination were directed to Charles Celona. The trial court did not clearly abuse its discretion in sustaining the state’s objection to the questions. Matera v. State, Fla.App.1969, 218 So.2d 180.
The last argument for reversal is directed to the jury charges which were given by the trial judge. Although the charge complained of contained some inappropriate language the defendants did not specifically object to the charge given to the jury. They cannot raise this point for the first time upon appeal. Irvin v. State, Fla. 1953, 66 So.2d 288; Lipford v. State, Fla.App.1964, 161 So.2d 16; § 918.10(4), Fla.Stat., F.S.A.; and Rule 6.16(a), F.A.R.
Robertson complains of reversible error in the denial of his requested jury instructions numbered eight, nine, thirteen and eighteen.
“ * * * [A] judgment will not be reversed for failure to give a particular charge where, on the whole, the charges as given are clear, comprehensive and correct.” Darty v. State, Fla.App. 1964, 161 So.2d 864, 872.
The instructions given here exceeded or included the charges requested in most instances and were clear, comprehensive and correct. Those which were otherwise denied were improper under the issues to be determined by the jury and were properly denied.
We have examined the other points raised and argued for reversal and have determined that they do not warrant reversal. The judgments of conviction are, therefore,
Affirmed.