248 So.2d 666 (1971)
Lillian REIS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 70-853, 70-854.
District Court of Appeal of Florida, Third District.
June 1, 1971.
*667 Jack R. Nageley, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold Ginsberg, Legal Intern, for appellee.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
SWANN, Judge.
Lillian Reis was arrested in Miami Beach, Florida in 1965. After a non-jury trial she was found guilty and adjudicated for unlawful possession of narcotic drugs. After a jury trial she was found guilty and adjudicated for unlawfully obtaining narcotic drugs by giving a false name and address.
Her delayed appeals from the two adjudications have been consolidated. Baggett v. Wainwright, Fla. 1970, 229 So.2d 239. In appeal #70-853 Reis appeals from her adjudication for unlawful possession of narcotics [marijuana] and argues the evidence was insufficient to support the guilty verdict and that her Fourth Amendment rights under the Federal Constitution were violated.
Under the claim of insufficiency of evidence Reis asserts the state failed to prove that she "knowingly" had marijuana in her possession. See Langdon v. State, Fla. App. 1970, 235 So.2d 321; Chariott v. State, Fla.App. 1969, 226 So.2d 359; Markman v. State, Fla.App. 1968, 210 So.2d 486; and Frank v. State, Fla.App. 1967, 199 So.2d 117.
In Frank, supra, it was held that proof of knowledge in such cases might consist of "evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the drugs' presence on the premises."
At trial there was testimony introduced, without objection, that the purse in which the marijuana was found belonged to Reis. The testimony concerning ownership of the purse was partially denied by Reis but we hold that it was sufficient under Frank, supra, to permit the trier of fact to properly infer knowledge by her of the "drugs' presence on the premises."
Reis next contends that her arrest was illegal for the sole reason that the arresting officers had adequate time to obtain a warrant for her arrest but failed to do so and since her arrest was illegal the subsequent search and seizure of the marijuana violated her Fourth Amendment rights under the federal constitution. This claim, if correct, would invalidate her adjudication on the charge of possession of marijuana.
The facts necessary to decide this point are that on Friday, March 26, 1965, Officer Bernstein of the Miami Beach Police Department went to an apothecary on Miami Beach, and checked through the prescription files. While checking he found three prescriptions written for a Lorraine Renaldo at the Sea Gull Hotel. Bernstein called the Sea Gull Hotel and asked whether Lorraine Renaldo was registered there. He was advised by the clerk that no such person was registered at the Hotel. At that point, having obtained a description of the person who purchased the drugs, Bernstein stopped his investigation for the week-end.
On the following Monday, March 29, 1965, Bernstein took several photographs, *668 including one of Lillian Reis, to the apothecary. There he was able to obtain photographic identification of the person who bought the drugs. The photograph picked out was that of Lillian Reis. He then went to a Dr. Greene's office, where he obtained the second photographic identification of Lillian Reis. He then drove to the Sea Gull Hotel and spoke to the manager to again check and see if a Lorraine Renaldo was registered there. After leaving the Sea Gull Hotel, Bernstein drove to the apartment of Reis. He arrived there at approximately 5:00 P.M. o'clock.
At about 5:30 P.M. Detective Hasley arrived at the apartment to assist Bernstein. They were both in plain clothes. At about 7:45 P.M. Officer Godfrey, a uniformed officer arrived. Bernstein and the uniformed officer, Godfrey, went to the front door of defendant's apartment shortly before 8:00 P.M. Detective Hasley went to the back door. Bernstein knocked on the door and stated "Police Department, I'd like to talk to Mrs. Reis." Someone from within replied "just a moment". A few seconds later someone looked through the blinds. The front door was opened by Reis. Apparently this was the first time that Bernstein saw Reis in person.
Bernstein advised her he was a police officer, showed his identification and asked "to go into the house". After walking into the apartment, Bernstein placed Reis under arrest. A subsequent search disclosed a marijuana cigarette which was taken from a purse belonging to Reis. The possession charge was based on the marijuana cigarette.
Reis does not argue that there were not reasonable grounds for her arrest on the charge of obtaining a narcotic drug by means of a false name and address in violation of Chapter 398, Fla. Stat., F.S.A, or that such violation of Chapter 398 was not a felony. She argues that Bernstein had adequate time to obtain a warrant for her arrest on that charge and that his failure to do so requires reversal under Carter v. State, Fla.App. 1967, 199 So.2d 324.
In Falcon v. State, Fla. 1969, 226 So.2d 399, the Supreme Court overruled and disapproved Carter, and said:
* * * * * *
"Since there was not `probable cause' for an arrest without a warrant in Carter, any warrant that might have been issued would likewise have been invalid.
To the extent that Carter purports to impose requirements other than those set out in Chapter 901, Florida Statutes, F.S.A., for a valid arrest without a warrant, it is erroneous. A similar contention has been rejected by the Federal Courts."
* * * * * *
§ 901.15, Fla. Stat., F.S.A. authorizes an officer to make a lawful arrest without a warrant, in part, as follows:
"* * * When a felony has in fact been committed, and he has reasonable ground to believe that the person to be arrested has committed it.
When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it * * *"
The absence of an arrest warrant does not necessarily invalidate an arrest based on reasonable ground to believe that a felony has been committed even though there may have been sufficient time to have obtained an arrest warrant. Odom v. United States, 403 F.2d 45 (5th Cir.1968); Abramson v. United States, 326 F.2d 565 (5th Cir.1964); cert. den., 377 U.S. 957, 84 S.Ct. 1636, 12 L.Ed.2d 500 (1964); Dailey v. United States, 261 F.2d 870 (5th Cir.1959); cert. den., 359 U.S. 969, 79 S.Ct. 881, 3 L.Ed.2d 836 (1959); United States v. St. Clair, 240 F. Supp. 338 (D.C.N.Y. 1965); Falcon v. State, supra; and Brown v. State, Fla. 1950, 46 So.2d 479. The only claim raised on appeal as to the reasonableness of the search is based on the premise that the arrest was illegal. No authority is necessary for the proposition *669 that a reasonable search incidental to a lawful arrest does not violate the Fourth Amendment of the Federal Constitution.
The U.S. Supreme Court in Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966) stated:
* * * * * *
"* * * There is no constitutional right to be arrested. The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction."
* * * * * *
In appeal #70-853, we conclude that the arrest of Reis was based on the fact that Bernstein had reasonable ground to believe that she had committed the felony of obtaining a narcotic drug by means of giving a false name and address in violation of Florida law; that her arrest on those grounds was valid and the subsequent search in which the marijuana cigarette was discovered and upon which the possession charge was based was incidental to a lawful arrest.
In #70-854 Reis appeals from her adjudication for unlawfully obtaining a narcotic drug and again challenges the validity of her arrest without a warrant which we have previously discussed and decided.
She also contends the evidence was insufficient to support the verdict on this charge. In the record on appeal the minutes of the clerk of the trial court reflect that an oral motion for new trial was made and denied. There is no copy of a written motion for new trial in the record on appeal and the record does not show any grounds in support of the motion for new trial. In all cases, except death sentences, the defendant must file a motion for new trial alleging insufficiency of the evidence as a prerequisite to questioning the sufficiency of the evidence upon appeal. State v. Wright, Fla. 1969, 224 So.2d 300. The defendant has not brought a sufficient record on appeal to clearly demonstrate reversible error on this point. Jarvis v. State, 115 Fla. 320, 156 So. 310 (1934); and Timmons v. State, 97 Fla. 23, 119 So. 393 (1929).
Although not required to do so we have reviewed Reis' claim that the evidence was insufficient to support the verdict. We find that no objection was made by Reis to the testimony of the druggist [which is challenged as insufficient on appeal] that the prescriptions which she obtained by use of a false name and address contained narcotic drugs. Generally, this precludes the defendant from raising this point on appeal. Albano v. State, Fla. 1956, 89 So.2d 342; and Mahone v. State, Fla. App. 1969, 222 So.2d 769.
Nevertheless, we have reviewed the record and find sufficient, competent evidence introduced, without objection at trial, to sustain the verdict by the jury that these prescriptions were for narcotic drugs. Crum v. State, Fla.App. 1965, 172 So.2d 24.
Reis contends reversible error was committed in the denial of her motion for mistrial during this trial. At trial her motion for mistrial was based on the ground that certain testimony given by Bernstein was calculated to prejudice the jury. On appeal Reis argues initially that the testimony of Bernstein should have resulted in the granting of her motion for a mistrial on the ground that the testimony referred to "large amounts of drugs" seized as a result of her illegal arrest and the subsequent search and seizure.
Generally, the grounds relied upon during an appeal must be the same as those relied upon for objection at trial. Bertone *670 v. State, Fla.App. 1969, 224 So.2d 400; Shea v. State, Fla.App. 1964, 167 So.2d 767; and 2 Fla.Jur. Appeals § 86. Since a different ground is argued on appeal than the one relied upon at trial we hold that Reis has not shown that reversible error was made in the denial of her motion for mistrial.
She next contends that the same testimony of Bernstein was prejudicial and should have resulted in a mistrial. This point was argued to the trial court and is proper for argument and consideration on appeal. To support her claim of prejudice sufficient to warrant a mistrial Reis cites Baffuto v. State, Fla.App. 1966, 187 So.2d 79; and Blackwell v. State, 76 Fla. 124, 79 So. 731 (1918).
The state points out that there was no objection to the question asked Bernstein and that there was no motion to strike his answer which is claimed to be prejudicial. See Morris v. State, 100 Fla. 850, 130 So. 582 (1930); and Robertson v. State, Fla. App. 1971, 245 So.2d 304.
It has long been held that the granting or denial of a motion for mistrial is a matter of discretion with the trial judge. McCoy v. State, Fla.App. 1965, 175 So.2d 588; and Garcia v. State, Fla.App. 1962, 142 So.2d 318. It has also been stated that a mistrial should not be granted in the midst of a criminal trial unless there is an absolute legal necessity to stop the trial and discharge the jury. Kelly v. State, Fla.App. 1967, 202 So.2d 901.
We have examined Baffuto and Blackwell, supra, and do not find that the testimony of Bernstein was of the prejudicial nature which is reported in those cases.
Assuming arguendo that the answer of Bernstein may have been improper we observe that Reis did not follow the procedure prescribed in Morris and Robertson, supra, and hold that there has been no clear showing of an abuse of discretion by the trial judge in the denial of the motion for mistrial.
Accordingly, the judgments of conviction which are the subject matter of this delayed appeal are affirmed, the writ of habeas corpus is quashed, the petition for habeas corpus is dismissed and the appellant-defendant should be, and is hereby, remanded to the custody of the Sheriff of Dade County, Florida.
It is so ordered.