PER CURIAM.
By petition for writ of certiorari, we have for review a decision of the District *2 Court of Appeal, Third District, rendered on March 9, 1971, and reported at 245 So.2d 304, affirming petitioner’s conviction of conspiracy to commit bribery. Conflict is asserted with our decision in State ex rel. Leon v. Baker, 238 So.2d 281 (Fla.1970). We have jurisdiction.
Petitioner’s initial contention that his right to a speedy trial under Fla.Stat. § 915.01(2), F.S.A., was violated is disposi-tive of this case.
The terms of court of the Criminal Court of Record of Dade County applicable to this cause are as follows: June term (June 10, 1969 through August 11, 1969); August term (August 12, 1969, through October 13, 1969) ; October term (October 14, 1969, through December 8, 1969) ; December term (December 9, 1969, through February 9, 1970); and the February term (February 10, 1970, through April 13, 1970).
On July 11, 1969 (during the June term) petitioner was arrested pursuant to two indictments rendered by a grant jury, one alleging bribery and the other conspiracy. He was then admitted to bail.
On the last day of the June term (August 11), petitioner filed two motions for speedy trial directed to the two indictments. By letter dated August 26, petitioner’s counsel informed the clerk of the Criminal Court of Record of his appearance and requested that he be forwarded copies of any informations filed in the cause. Between October 7 and 13, counsel was again in contact with the clerk’s office and was advised that the state had filed one information containing two counts directed to the bribery and conspiracy charges. Accordingly, on the last day (October 13, 1969) of the second successive but first full term following his arrest, petitioner filed one demand for speedy trial specifically referring to both charges. Then, on October 16, 1969 (during the October term) petitioner’s counsel received in the mail copies of two informations filed by the state, one for bribery and the other for conspiracy. Apparently, these were filed on October 7, 1969, during the August term. Thereafter, on December 5, 1969 (during the October term) petitioner filed two demands for speedy trial, separately directed to each of the charges (this was the third successive demand, made during the second full term of court). The December term (the third full term of court following arrest) passed without significant events, and during the February term petitioner moved for discharge on both charges.
The trial judge, without detailing reasons, granted petitioner’s motion for discharge directed to the bribery accusation but denied the motion directed to the conspiracy charge. Interestingly, we observe that the single motion for speedy trial directed to both charges and filed on the last day of the August term, was placed in the clerk’s bribery charge filed. Nevertheless, the state attorney was served with copies of all demands for speedy trial.
Petitioner was then tried and convicted of conspiracy. On appeal his assignment of error directed to the issue of denial of a speedy trial was summarily disposed of by the District Court, as follows:
“Robertson asserts that the trial court erred in not discharging him because the state failed to comply with his written demand for a speedy trial. His demands for a speedy trial on a separate charge of bribery resulted in his discharge on that charge.
“The record shows that Robertson was properly tried on the charge of conspiracy to commit bribery within the third full term of court after filing his written demands for a speedy trial. The provisions of the statute may be invoked upon arrest and do not require the filing of an indictment or information. State ex rel. Buono v. Goodman, Fla.App.1970, 233 So.2d 185; State ex rel. Bird v. Stedman, Fla.App.1969, 223 So.2d 85; State ex rel. *3 Wincor v. Turner, Fla.App.1969, 222 So.2d 763; and § 915.01(2), Fla.Stat., F.S.A.”
We cannot agree. Three consecutive demands for speedy trial were filed and three full terms of court expired without trial, through no delay occasioned by the petitioner.
Confusion over continuity of the demands for speedy trial apparently surrounds the October 13 demand, made on the last day of the August term. This demand consisted of one pleading but was directed to both charges. It was prepared and filed in reliance on the advice of the clerk’s office that the state had filed only one information containing both charges. Apparently, both lower courts emphasized the fact that this single demand was placed by the clerk of the Criminal Court in the bribery file.
In Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942), also a speedy trial case, this Court held :
“* * * when it comes to the matter of safeguarding the constitutional rights of the individual the courts look to the substance rather than the technical forms of procedure taken to invoke the protection of the law.”
The rule that substance controls over form where the two are in conflict is particularly applicable in the case sub judice. Through misinformation, petitioner filed a single demand when two demands would have been more appropriate. Nevertheless, the demand was directed to both charges. It could be argued that petitioner should be charged with the obligation of personally inspecting the clerk’s files to ascertain whether informations had been filed by the state. However, an equally persuasive argument in this case is that the state filed its two informations six (6) days prior to the end of the disputed term but did not serve petitioner with copies until three (3) days after commencement of the following term. Another compelling factor is that the demand for trial by petitioner was unambiguous, in clear and concise terms distinctly requesting trial on both charges. The state was on notice at all times of petitioner’s demands through service of his pleadings.
We again point out that Fla.Stat. § 915.01(2), F.S.A., states, “he shall be forever discharged from the crime” (emphasis supplied). It does not refer to “indictment” or “information” for the obvious reason stated in State ex rel. Bird v. Stedman, 223 So.2d 85 (Fla.App. 3rd, 1969), as follows:
“A holding that the statute applies to the information filed and not the crime for which the accused is prosecuted would make possible the indefinite postponement of prosecution for a crime by the simple expedient of a continuous entry of nolle prosequis and a continuous refiling of informations charging the same crime.”
Of like effect is Gossett v. Hanlon, 195 So.2d 865 (Fla.App. 4th, 1967).
Clearly, petitioner was acting in good faith to perfect his rights under the statute which serves to implement his constitutional right to a speedy trial. This right has been violated and he is entitled to be discharged.
Accordingly, certiorari is granted, the opinion of the District Court is quashed and the cause remanded to the District Court for the purpose of a further remand to the Criminal Court of Record of Dade County, Florida, with instructions that the criminal prosecution upon the charge of conspiracy against this petitioner be dismissed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEICLE, JJ., concur.