PEARSON, Judge.
This court has been presented with a suggestion for writ of prohibition which alleges a right to discharge from a criminal proceeding upon two grounds. The petitioner alleges that the trial court was without jurisdiction to try him because: (1) an information based upon the identical charge had previously been dismissed by the trial court; and, (2) he has been *56 denied his constitutional right to a speedy trial on the charge. We issued a rule to show cause and the state has responded thereto.
The record reveals that Arthur Michael Neville was charged by information filed on July 28, 1970, with embezzlement by a municipal' employee. The offense was alleged to have occurred on June 3, 1969. The cause came on for trial on April 5, 1971. The trial judge in open court dismissed the information with the announcement that he would not try a three dollar case. No written order was entered but the petitioner was discharged from custody.
No appeal was taken by the state and the state’s attorney simply filed the same information over again. The second information does not only charge the same crime on the same facts but it is word for word the same information upon which the petitioner has been in peril since July 28, 1970. Petitioner’s motion to dismiss the second information setting forth his discharge in open court has been denied and petitioner is about to be tried on the second information.
The return to the rule to show cause issued upon the suggestion is entirely negative in character, alleging only that, “Nothing appears in the record filed before this honorable court to show that the respondent lacks jurisdiction or has exceeded it.
We have determined that the suggestion states a prima facie case for relief by way of the writ of prohibition and that the trial court lacks jurisdiction to try the petitioner upon the second information. The right to a speedy trial is a constitutional right and is not dependent upon statute or rule of court. State ex rel. Johnson v. Edwards, Fla. 1970, 233 So.2d 393; Dickey v. Circuit Court, Gadsden County, Quincy, Fla., Fla. 1970, 200 So.2d 521; State ex rel. Bird v. Stedman, Fla.App.1969, 223 So.2d 85. Where a clear violation of the right is made to appear an appellate court will issue the writ of prohibition to prevent an unreasonable violation of the right. See Leonard v. McIntosh, Fla.App. 1970, 237 So.2d 809.
As a second and additional ground for the issuance of the writ in this instance, we hold that the state’s failure to make any effort to secure a written, and therefore appealable, order after petitioner’s discharge in open court brings this case within the purview of the law announced by the Supreme Court of Florida in Pena v. Schultz, Fla. 1971, 245 So.2d 49.
It is therefore ordered that the preemp-tory writ in prohibition issued, effecting the discharge of Arthur Michael Neville.
It is so ordered.