276 So.2d 523 (1973)
Ernest SIBERT a/K/a Ernest Busker, Relator,
v.
Raymond J. HARE, Judge, Circuit Court, Respondent.
No. 73-279.
District Court of Appeal of Florida, Fourth District.
April 27, 1973.
Ray Sandstrom of Sandstrom & Hodge, Ft. Lauderdale, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey, Asst. Atty. Gen., West Palm Beach, for respondent.
OWEN, Judge.
Upon relator's suggestion for writ of prohibition, we issued a rule nisi. Respondent having made return thereto, this cause is ready for final disposition.
An amended information was filed in the Circuit Court in and for Broward County, Florida, in three counts, Count I being a felony, and Counts II and III, respectively, being misdemeanors arising out of the same circumstances as the felony. The information was filed September 22, 1972, and relator was taken into custody the same day. On February 27, 1973, a date *524 more than 90 days after relator was taken into custody on said charges, he filed his motion for discharge under Rule 3.191 (d)(1) RCrP, 33 F.S.A., as to the misdemeanor counts. The court denied the motion for discharge on the sole ground that since the misdemeanors were joined in an information including a felony count, the time within which to try the misdemeanor counts was extended to the limitation within which the felony count could be tried.
Prohibition is an appropriate remedy to prohibit a trial court from proceeding where an accused is entitled to discharge under the speedy trial rule and his motion for such has been denied. State ex rel. Neville v. Goodman, Fla.App. 1971, 254 So.2d 55. Relator was entitled to be discharged under the provisions of Rule 3.191, RCrP as to the misdemeanor counts, Counts II and III of the amended information in Case No. 72-36153, provided he was continuously available for trial during the 90-day period following his arrest on September 22, 1972. The fact that the State has chosen to join the misdemeanor counts in a single information in which a felony arising out of the same circumstances is also charged, cannot operate to deprive the accused of his speedy trial rights on the misdemeanor counts. The State should either file separate informations, or be prepared to try the accused on all counts within the lesser period of 90 days, or expect the accused to seek a discharge of the misdemeanor counts if not tried within the 90 days.
Respondent, as Judge of the Circuit Court of Broward County, Florida, (to whom has been assigned the trial of the information pending against relator) shall without delay ascertain whether relator has been continuously available for trial during the 90-day period subsequent to September 22, 1972, and if so, shall exercise no further jurisdiction as to the misdemeanor counts of the information beyond entering an order pursuant to Rule 3.191(h)(1), RCrP directing relator's discharge as to the misdemeanor counts.
It is so ordered.
REED, C.J., and MAGER, J., concur.