### STATE v. SWEETMAN.
No. 72-C-1356.

Circuit Court, Criminal Division, Palm Beach County.

March 20 and April 9, 1974.

David H. Bludworth, State Attorney, Bennett S. Cohn, Assistant State Attorney, for the state.

George Barr, West Palm Beach, for the defendant.

LEWIS KAPNER, Circuit Judge.

*Order, March 20, 1974:* This matter is presented upon the court's own motion.

The defendant herein was arrested on August 8, 1972 on a charge of child molesting. After spending 69 days in jail he was released on bond. After several postponements he was finally tried and found guilty on May 18, 1973. A pre-sentence investigation was completed on September 5, 1973. He was scheduled for sentencing on January 22, 1974 but it was then discovered that he had not been interviewed by two psychiatrists as required by law. He still has not been so interviewed and no date is presently set for sentencing.

This presents yet another example of a bureaucratic, under-staffed, and unresponsive criminal justice system. There simply is no justification for this failure to conclude a serious criminal case within 18 months.

It is thereupon ordered that this case shall be dismissed, and the defendant shall go free, without impediment and without adjudication.

*Order on petition for rehearing, April 9, 1974:* This matter is presented upon the issue of whether the delay in completing the prosecution of the defendant herein is so oppressive as to violate his constitutional right to speedy justice.

The applicable provisions of the United States Constitution are the Sixth and Fourteenth Amendments —

> Amendment Six:
>
> "[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."
>
> Amendment Fourteen:
>
> "[N]or shall any state deprive any person of life, liberty, or property, without due process of law. . . ."

The applicable provisions of the Florida Constitution are Declaration of Rights Sixteen, Seventeen and Twenty-one —

> DR Sixteen:
>
> "[T]he accused . . . shall have the right . . . to have a speedy and public trial . . . ."
>
> DR Seventeen:
>
> "[C]ruel or unusual punishment, . . . indefinite imprisonment . . . are forbidden."
>
> DR Twenty-one:
>
> "[J]ustice shall be administered without sale, denial or delay."

Defendant was charged with committing the crime of child molesting on August 7, 1972. He was arrested the next day and the case was scheduled for trial on October 16, 1972. The defendant spent this intervening period — 69 days — in jail, unable to make bond. The case was continued six times and eventually tried during the week of May 15, 1973 by this judge sitting in a special criminal division of the circuit court.

Defendant was convicted and a pre-sentence investigation was ordered. This pre-sentence investigation was completed on September 5, 1973, and sentencing was scheduled for January 11, 1974. On January 10, the assistant state attorney discovered that defendant had not been interviewed by two psychiatrists as required by law in cases of this kind, so the sentencing was continued.

When the matter was again brought to this court's attention in February, via a letter sent by the defendant to the office of Congressman Paul Rogers, it was learned that he still had not yet been interviewed by the psychiatrists. Upon concluding that the delay in sentencing this defendant was oppressive and unreasonable, the court discharged the defendant.

The court has granted the state attorney's petition for rehearing to give him an opportunity to address himself to the issue of sentencing delay. The state attorney has argued —

1. There is no right to a "speedy sentence" comparable to a defendant's right to a "speedy trial";

2. The state attorney's office has no responsibility in the disposition of defendants after conviction, as disposition is within the province of the court;

3. The delay was not purposeful and did not prejudice the defendant;

4. The court has no authority to discharge a defendant after a jury has returned a verdict of guilty.

### I. Does an accused have a right to a speedy disposition of his case?

The distinction between "arrest," "trial," "sentence," "appeal," or what have you is of great significance to professors, judges and lawyers, but frequently is of no meaning at all to an accused, a victim, or the community at large. The words of Louis Nizer (Nizer, *The Implosion Conspiracy,* Doubleday, 1973, pg. 243) apply with equal force to *any* delay in the prosecution process — "There [is] a suspended period which is more cruel punishment than incarceration. For no man is free who anticipates the limited time of his freedom. Tyrants considered fear of impending doom a most effective form of torture for the victim."

To test the efficiency, effectiveness and fairness of a criminal justice system, with respect to the constitutional mandates cited above, we cannot take a fragmented approach, examining the time period from one cumbersome step in the process to the other. Rather, we must examine the over-all experience, the time period from arrest (sometimes even from the time the offense becomes known) to disposition. This over-all approach is the only approach that has meaning for an individual enmeshed in the justice system and the only method that has meaning for a society concerned about rehabilitating those that need help or confining those who are dangerous to others.

Such an approach is not without precedents. Rost v. Municipal Court of the Southern Judicial Council, 184 Cal. App. 2d 507, 85 ALR 2d 974 (1960), prohibited the municipal court from proceeding further where the defendant was not served with a warrant of arrest within a reasonable time after the filing of a complaint. (Additional cases are included in the annotation.) See also Gossett

v. Hanlon, (4th DCA, 1967), 195 So.2d 865. At the other end of the prosecution process, a right to a speedy appeal was sought, but rejected, in State v. Tahash, (Sup. Ct., Minn., 1967), 152 NW 2d 786, and Newsom v. Commonwealth, (Vir., 1967), 153 SW 2d 235.

The Supreme Court of the United States has held that — "whether delay in completing a prosecution such as herein occurred [i.e., a delay in sentencing] amounts to an unconstitutional deprivation of rights depends upon the circumstances . . . The delay must not be purposeful or oppressive." Pollard v. U.S., (1957), 352 U. S. 354. See also Lott v. U. S., (CA 5th), 309 Fed. 2d 115; Welsh v. U. S., (CA 6th, 1965), 348 Fed. 2d 885, and cases cited therein. The case of U. S. v. Maroney, (U. S. DC, Pa., 1961), 194 Fed. Supp. 154, citing *Pollard,* supra, concluded that the imposition of sentence is part of the trial.

It is thereupon found and held that a defendant in a criminal case has a right to a speedy disposition of his case.

## II. Does the state attorney's office have a responsibility to see that cases are disposed of within a reasonable time?

Although control of sentencing procedures is within the court's powers, it does not follow that the state attorney has no responsibility to see that cases under prosecution are disposed of within a reasonable time. Indeed, his presence at this hearing disclaims such a lack of responsibility and the assistant state attorney has represented to the court that he has often taken a vigorous position in the area of sentencing. Cases which have discussed the state attorney's responsibilities in similar areas are — State ex rel. Nelville v. Goodman, (3rd DCA, 1971), 254 So.2d 55; State v. Wolf, (3rd DCA, 1971), 249 So.2d 736; and Pena v. Schultz, (Sup. Ct., 1971), 245 So.2d 49.

But the argument over whether delay is caused by one agency of the state or another chases its own tail. Whether delay is caused by one agency or another, it is small solace to an accused if the delay is unreasonable and oppressive. Mr. Chief Justice Burger, speaking for a unanimous Supreme Court said —

"Unintentional delays such as over-crowded courts or understaffed prosecutors are among the factors to be weighed less heavily than intentional delay, calculated to hamper the defense in determining whether the Sixth Amendment has been violated, but . . . they must, nevertheless . . . be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." Strunk v. U. S. (1973), 13 CrL 3139.

See also Leonard v. McIntosh, (4th DCA, 1970), 237 So.2d 807; State ex rel. Leon v. Baker, (Sup. Ct., 1970), 238 So.2d 281; and McDonnell v. State, (4th DCA 1970) — (March 15, 1974).

Florida's Supreme Court has held that —

> "Unreasonable delay includes not only delay caused by the state, but also that which it can reasonably prevent, or which is not caused by the accused. In order to be entitled to discharge, it is not necessary that the accused be the victim . . . of oppressive or of purposeful, vexatious or arbitrary action by the state . . . [T]he only delay which is to be excused is delay which is caused by the accused." State ex rel. Johnson v. Edwards, (Sup. Ct., 1970), 233 So.2d 393.

The assitant state attorney has conceded that no system is in existence in Palm Beach County to check the progress of cases following conviction. One method which might be considered is that which the American Bar Association recommends with respect to the trial calendar —

> "Control over the trial calendar should be vested in the court. The prosecuting attorney should be required to file as a public record periodic reports with the court setting forth the reasons for delay as to each case for which he has not requested trial within a prescribed time following charging." ABA Standards Relating to Speedy Trial, pgs. 11 and 12.

It is thereupon found and ordered that the state attorney has a responsibility to take reasonable steps to secure a speedy disposition of cases following conviction and, in any event, the ultimate responsibility for an unreasonable and oppressive delay belongs to the state and not to the accused.

### III. Is the delay in finally disposing of this case unreasonable and oppressive in light of the constitutional provisions?

As related above, there was a nine month delay from the time of arrest to the time of trial and an eleven month delay from the time of conviction to the present. (The case still is not ready for sentencing although the report from the second psychiatrist is expected shortly.)

There is no contention that this delay was purposeful. On the other hand, no valid reason has been advanced to justify the delay. The issue then is whether this delay is oppressive or prejudicial to the defendant.

The purpose of the speedy trial rule is (1) to prevent undue and oppressive incarceration prior to trial; (2) to minimize anxiety and concern accompanying public accusation; and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself. U. S. v. Ewell, (1966), 383 U. S. 116. A logical extension of the first purpose would be to prevent *any* undue and oppressive constraints of a person's liberty prior to trial (see *Gottesman,* supra). (2) and (3) are specifically relevant to this case.

The defendant has undergone substantial emotional stress and anxiety both prior and subsequent to the conviction. (See the letter from the defendant to the court dated October 15, 1973, the letter from the defendant to Representative Paul Rogers dated February 19, 1973, and evaluation by Dr. McKinley Cheshire.) Emotional stress of this nature was one of the things the speedy trial rule was designed to eliminate. As stated in *Strunk,* supra —

> "The speedy trial guarantee recognizes that prolonged delay may subject the accused to an emotional stress that can be presumed to result in the ordinary person from uncertainties in the prospect of facing public trial or of receiving a sentence longer than, or consecutive to, that which he is presently serving — uncertainties that a prompt trial removes."

Along these same lines, the Fourth District Court of Appeal has held that "an individual cannot be placed in the demoralizing position of being an untried accused for an interminable period of time." Gossett v. Hanlon, supra, pg. 868. See also U. S. v. Maroney, supra, pg. 156.

It goes without saying that this is equally true with uncertainties surrounding the sentencing process subsequent to conviction.

It is thereupon found and held that the delay in bringing this case to final disposition is both unreasonable and oppressive and therefore in violation of the defendant's right to a speedy disposition.

### IV. What is the proper remedy?

Courts generally will take collateral matters into consideration when imposing sentences on defendants. If, for example, a court feels that a defendant has suffered sufficiently through loss of job, ill health, public humiliation, or the like, it may very well be more lenient than would otherwise be the case. Delays in bringing the case to trial and disposition may well play a factor in this regard. However, mere anxiety caused by delay does not result in a violation

of a defendant's constitutional rights since anxiety and delay are inherent within any system. It is only when, as here, the delay is found to be unreasonable and oppressive that a violation of constitutional rights results.

In such cases, the court must do more than simply impose a lenient sentence, or even no sentence at all, upon a defendant. The United States Supreme Court has been quite specific about this —

> "In light of the policies which underly the rights to a speedy trial, dismissal must remain . . . the only possible remedy . . .

> "Given the unchallenged determination that petitioner was denied a speedy trial, the judgment of conviction must be set aside." Strunk v. U. S., supra.

See also State ex rel. Johnson v. Edwards, supra; Rules 3.191 (a) (1); (h) (1), Fla. FRCrPR; *ABA, Speedy Trial,* at 40-41.

It therefore appears that discharge of the defendant is not only permitted but required.

It is thereupon ordered that the defendant shall be discharged, without further impediment and without adjudication.

---

A portion of the state's petition for a writ of certiorari filed in the Fourth District Court of Appeal on April 15, 1974 is set forth below —

## IV

Petitioner was the plaintiff and the respondent the defendant in the court below, the circuit court of the fifteenth judicial circuit of Florida. In this petition, the parties will be referred to as they appear in this court.

## V

Respondent was charged and convicted by a jury of his peers of four counts of lewd, lascivious or indecent act or assault upon or in the presence of a child on May 18, 1973. The adjudication of guilt was withheld pending a presentence investigation which was ordered on that date. The presentence investigation was completed on or about September 5, 1973, and the court below set sentencing for January 11, 1974. On January 10, 1974, the assistant state attorney who handled the trial discovered that the respondent had not been examined pursuant to Florida Statute 801. The sentencing was continued but not to any specific date.

On January 22, 1974, the court below ordered the respondent examined by two psychiatrists pursuant to Florida Statute 801.

At some point in February, 1974, the court below received a letter from the Honorable Paul Rogers with regard to this case.

On March 20, 1974, the court below, *sua sponte*, dismissed the case against respondent.

On March 21, 1974, the petitioner petitioned the court below for a rehearing of the above order. This was granted and a rehearing took place on April 1, 1974.

On April 1, 1974, the court below amended its order of March 20, 1974, to allow the petitioner to show cause why the respondent should not be dismissed.

On April 9, 1974, the court below discharged the defendant and dismissed the case against him. This order is the basis of this petition.

## VI

The court below was under an obligation to order a presentence investigation pursuant to *Florida Rules of Criminal Procedure* (FRCP) Rule 3.710 since this was the respondent's first conviction for a felony.

## VII

The trial court has the exclusive control of post-trial procedures and is empowered by the *Florida Rules of Criminal Procedure* Rule 3.720 to set the sentencing. Chapter 801 of the Florida Statutes specifically outlines what procedures must be employed prior to sentencing respondent. This authority cannot be delegated to the state attorney by the failure of the trial court.

## VIII

The petitioner maintains that the Honorable Lewis Kapner departed from the essential requirements of the law by issuing the aforementioned order and the finding and holding that the respondent had a right to a speedy sentencing after conviction comparable to Rule 3.191 of the *Florida Rules of Criminal Procedure*.

## IX

Petitioner would show that there is no such right to a speedy sentencing and even if there is the court below erred in its order because it was the cause of delay.

## X

The petitioner maintains that the Honorable Lewis Kapner departed from the essential requirements of the law by issuing the aforementioned order and the finding and ordering that the state attorney has a respon-

sibility to take reasonable steps to secure a speedy disposition of cases following conviction, and in any event, the ultimate responsibility of an unreasonable and oppressive delay belongs to the state and not to the accused.

## XI

Petitioner would show that there is no such duty upon the state attorney and further that the ultimate prerogative of sentencing rests solely upon the trial court as provided by Rule 3.720 of the *Florida Rules of Criminal Procedure.*

## XII

The petitioner maintains that the Honorable Lewis Kapner departed from the essential requirements of the law by issuing the aforementioned order and the finding and holding that the delay in bringing this case to final disposition is both unreasonable and oppressive and therefore in violation of the respondent's right to a speedy disposition.

## XIII

Petitioner would show that any delay in this cause and the failure to bring this case to a disposition was occasioned by the action or failure to take action by either the court below, the respondent's counsel, or both.

## XIV

The petitioner maintains that the Honorable Lewis Kapner departed from the essential requirements of the law by issuing the aforementioned order and the ordering of the respondent's discharge as being not only permitted but required.

## XV

Petitioner would show that the proper remedy in this case is sentencing according to the *Florida Statutes* and the *Florida Rules of Criminal Procedure* and appropriate rules to show cause to persons causing any untoward delay.

## XVI

Lastly, petitioner maintains and would show that the Honorable Lewis Kapner was without authority to direct the discharge of the respondent by *sua sponte* order and that to uphold the action of the honorable judge below would result in irreparable harm to the state of Florida by setting aside a verdict of a jury without legal right or authority and would also set a dangerous precedent of allowing the same by any court which, by its own actions, occasioned delay.

WHEREFORE, petitioner requests this Court to grant a writ of certiorari and enter its order quashing the order sought to be reviewed and granting such other and further relief as shall seem right and proper to this Court.