ERVIN, Justice.
This is a case of original prohibition at issue on a rule to show cause and the State’s response thereto.
It appears from the record before us that Relator, Ramon Pena, was charged by information in the Court of Record of Manatee County, Florida, on March 12, 1970, with murder in the second degree.
Pena’s case was called and he was brought in open court on March 16, 1970, represented by Walter R. Talley, Public Defender of the Twelfth Judicial Circuit. Pena pled not guilty to the charge and the court set his trial for May 12, 1970.
On May 1, 1970 the State moved for continuance on the ground its witnesses were migrant workers who would not be available in the state until around September, 1970. Pursuant to the motion, the case was reset for trial October 13, 1970, *50 and Pena’s bond was ordered reduced to $500.
On October 13, 1970, Pena and another defendant, one Elizandro E. Cruz, and the Public Defender were present in court, ready for trial. The following disposition of the case by Judge Robert H. Schultz of the Court of Record of Manatee County appears in the court minutes:
“State not being ready for trial, the defendant moved for discharge of the case. State moved for continuance. Court denied the motion. Court granted the motion to discharge. Court released the Defendants and ordered the cases placed on the Absentee Docket.”
The next day, October 14, 1970, the court minutes reflect:
“State made oral motion to set aside order of discharge. Court granted the motion over the objection of the Defendant [Pena]. Court ordered the case to be removed from the Absentee Docket and set for trial November 12, 1970 * * * over the objection of the defendant.”
Shortly thereafter, Pena brought habeas corpus proceedings before Circuit Judge Robert E. Hensley of the Twelfth Judicial Circuit to review Judge Schultz’s related action. Judge Hensley sustained the writ issued therein. His order under date of October 19, 1970, reads in part:
“And the Court having read the file in Case No. F-593, State of Florida vs. Ramon, Pena, in. the Court of Record in and for Manatee County, Florida, and heard argument of Assistant State Attorney Larry Byrd, in opposition to this writ, and the Court finding that the above case was dismissed in open Court, and the Petitioner freed and discharged, and he is therefore now being illegally held in violation of his constitutional rights, and after deliberating, it is further ordered that Ramon Pena, the Petitioner herein, be and he is hereby discharged from custody.” (Emphasis supplied.)
On October 19, 1970, the State Attorney filed a new information against Pena, identical with the original information, recharging him with the offense of murder in the second degree.
These proceedings in original prohibition then ensued to prohibit Judge Robert H. Schultz of the Court of Record of Manatee County, Florida, from proceeding to entertain the State’s prosecution of Pena under the new information.
We have before us the record of the proceedings pertaining to the discharge of Pena by Judge Schultz on October 13 and 14, 1970, and the order of discharge of Pena entered by Circuit Judge Hensley in the habeas corpus proceedings.
It appears to us that these discharges were predicated upon the State’s failure to proceed constitutionally with the prosecution of Pena by it not being ready with its witnesses present and prepared to go to trial on the dates set by the trial judge. There was no problem with reference to the sufficiency of the information and no motion to quash or to dismiss the same was filed. At all times subsequent to Pena’s arrest immediately after the original information was filed on March 12, 1970, Pena, an indigent migrant worker, has been incarcerated and held confined in jail in the custody of the Sheriff of Manatee County. He has not been able to post the bond of $500.
This discharge of Pena did not accrue under the provisions of F.S. Sections 915.-01 and 915.02, F.S.A., prescribing certain statutory requisites guaranteeing a speedy trial. Instead, it comes directly under the constitutional provision guaranteeing a speedy trial. Section 16, Declaration of Rights, State Constitution, F.S.A. Judge Schultz in his order of October 13, 1970, agreed with Pena that the State’s failure to proceed with the prosecution because of its failure to have its witnesses present was sufficient ground to dismiss the case and discharge the defendant. True, he did attempt to rescind his order the next day *51 and transfer Pena’s case from the “absentee docket.” This procedure appears irregular and anomalous on its face, inasmuch as absentee docket cases, even if sanctioned by law, usually involve accuseds who are not present in court, not having been arrested, bailed or in custody, ready for trial. Pena was not an absentee, but was present in court on October 13, 1970, with his counsel, ready for trial. When the matter was reviewed by the circuit judge having supervisory jurisdiction in habeas corpus over actions of the Court of Record, he concluded, in effect, that the order of discharge of the Judge of the Court of Record for lack of speedy trial should be reinstated. Instead of seeking a review of the original order of discharge of Judge Schultz, or of Judge Hensley’s similar order in habeas corpus, the State Attorney merely proceeded to re-inform on Pena.
Our review of the case in these prohibition proceedings is that the discharge of relator Pena was final and res adjudicata as to the new information, being predicated upon the fundamental constitutional ground of failure to accord relator Pena a speedy trial. Judge Hensley’s order was not made the subject of any timely review. In State ex rel. Cacciatore v. Drumright, 1934, 116 Fla. 496, 156 So. 721, and Lee v. Tucker, Fla.1949, 42 So.2d 49, the Supreme Court of Florida stated that “an order of discharge in habeas corpus [is] res judicata * * * as to the questions presented under the same state of facts as were present in the first proceeding.” (Lee v. Tucker at p. 51.) The second information in the instant case is identical to the first; there being no timely review of the original order of discharge, the doctrine of res adju-dicata bars a second prosecution.
In view of our conclusion, we do not feel it is necessary to discuss certain facets of the case, i. e., the alleged failure of Judge Schultz to give Pena’s counsel notice of hearing when he attempted to overturn the discharge he had entered on October 13, 1970, or whether pertinent Court of Record minutes did not speak the truth.
Under all of the facts in this particular case it is ordered that peremptory writ in prohibition issue, effecting relator Pena’s final discharge.
It is so ordered.
ROBERTS, C. J., and ADKINS, BOYD and McCAIN, JJ., concur.