REED, Chief Judge.
A petition for a writ of certiorari has been filed by the State of Florida for a review by this court of a decision of the Circuit Court for Palm Beach County, Florida, sitting in its appellate capacity. The resolution of the issue in this case involves an interpretation of Sections 932.61 and 932.63, F.S.1970, F.S.A., which are parts of a recent enactment by the Florida legislature providing for the transfer of certain causes from municipal courts to state courts for trial by jury.
The following are the pertinent events. The respondent, Steven MacFadden Ress-ler, was charged on 10 September 1970 with a violation of several ordinances of the Town of Palm Beach, Florida. Thereafter, respondent filed a petition pursuant to Section 932.61, F.S.1970, F.S.A., in the municipal court of the Town of Palm Beach seeking a transfer of the municipal charges to a state court for trial by jury. On 2 October 1970 the municipal court entered an order transferring the cause to the Small Claims-Magistrate Court, Criminal Division, for Palm Beach County, Florida. Thereafter, the clerk of the municipal court filed the required papers with the clerk of the Small Claims-Magistrate Court. Thirty days, however, elapsed from the date of the transfer to the state court without action • having been' taken therein to prosecute respondent. Consequently on 12 November 1970 an order was entered by the judge of the Small Claims-Magistrate Court which, on the basis of Section 932.63, F.S.1970, F.S.A., dismissed the charges for failure of the state to file a formal information. Following the dismissal, a formal information was filed on 18 December 1970 by the county solicitor for Palm Beach County, Florida, in the Small Claims-Magistrate Court against the respondent charging him with the same conduct which gave rise to the municipal charges. The respondent filed a motion to dismiss the information. On 1 February 1971 the judge of the Small Claims-Magistrate Court granted the motion with prejudice primarily on the theory that the prior dismissal (of 12 November 1970) in the same court barred further prosecution of the respondent for the conduct which gave rise to the municipal violation. This order of dismissal was affirmed by the Circuit Court for Palm Beach County, Florida, in the exercise of its appellate jurisdiction. It is this affirmance we are now asked to review by certiorari.
Section 932.61, F.S.1970, F.S.A., creates a right in a person who has been charged in a municipal court with a violation of a municipal ordinance to have such “violation” transferred to a state court for trial before a jury, where the violation of the municipal ordinance constitutes a violation of state law and the municipality does not provide a jury trial. The provisions of Section 932.61, F.S.1970, are supplemented by Section 932.63, F.S.1970, which provides :
“If the petitioner is not incarcerated, the prosecuting attorney shall, within thirty (30) days of receipt of the petition, after due and diligent consideration and investigation of defendant’s cause, file charges on behalf of the state against the defendant in the court providing criminal jury trial jurisdiction, or shall decline to file charges against the *622 defendant and the cause shall be dismissed upon the filing of a no true bill by the prosecuting attorney with the clerk. Upon failure of the prosecuting attorney to take action within thirty (30) days, the cause shall be dismissed by the clerk of the court in which the cause is pending.” (Emphasis added.)
It was in reliance on the emphasized provisions of Section 932.63, F.S.1970, F.S.A., above, that the. Small Claims-Magistrate Court entered its dismissal order of 12 November 1970.
No contention is raised here with respect to the lapse of the thirty day period. Hence, we do not discuss the various constructions which could be given to the language relating to the measurement of that period. The issue narrows down to this: did the 12 November 1970 dismissal by the state court pursuant to Section 932.63, F.S.1970, F.S.A., of the cause transferred to it by the municipal court under the authority of Section 932.61, F.S. 1970, F.S.A., bar the proper authorities from thereafter filing in the same state court an independent information against the respondent based on the same facts which gave rise to municipal violation in the first instance? We hold that the dismissal was not a bar to the subsequent filing of an independent information by such authorities.
In the first place, Section 932.63, F.S.1970, F.S.A., which authorized the dismissal does not expressly provide that such dismissal shall be a bar to the later filing •of an independent information by the proper state authorities based upon the same facts. If by judicial construction we were to give such effect to Section 932.63, F.S. 1970, F.S.A., we in effect would be interpreting the section as a statute of limitations for that class of offenses to which it relates, namely, those offenses which give rise to a municipal ordinance violation which is ultimately transferred to state court pursuant to Section 932.61, F.S.1970, F.S.A. To so interpret Section 932.63, F. S.1970, F.S.A., would render it unconstitutional because nowhere in the title to the act* which added Section 932.63, F.S.1970, F.S.A., to the laws of Florida is there even the slightest hint that the body of the statute contemplated such a drastic change in the theretofore existing statute of limitations (Section 915.03, F.S.1970), F.S.A., which provided a two year period of limitations for the prosecution of such offenses. See dissenting opinion in Davis v. Smith, Fla.App.1969, 227 So.2d 342, 345, and the approval thereof by the Florida Supreme Court in Smith v. Davis, Fla.1970, 231 So.2d 517.
Secondly, Section 932.63, F.S.1970, F.S. A., authorizes a dismissal of the so-called cause not by a judicial officer, but only by the clerk of the state court to which the cause has been transferred. We find it difficult to believe that the legislature intended an administrative act to stand as a bar to a later prosecution.
When the judge of the Small Claims-Magistrate Court entered his final order of dismissal on 1 February 1971, he based his decision not only on the prior Section 932.63 dismissal, but also upon the notion that double jeopardy somehow barred the subsequent filing of the information. We believe that he erred on both grounds. Double jeopardy was not involved because jeopardy neither attached in the municipal court nor in the state *623 court. See Adkins v. Smith, Fla.App.1967, 197 So.2d 865; McCoy v. District Court, 1964, 156 Colo. 115, 397 P.2d 733; State v. Blackwell, 1948, 65 Nev. 405, 198 P.2d 280; State v. Harriman, Me.1969, 259 A.2d 252, opinion modified 265 A.2d 706. His reliance on the Section 932.63 dismissal was error for the reasons mentioned above.
We conclude that the Circuit Court in affirming the order of the Small Claims-Magistrate Court of 1 February 1971 deviated from the essential requirements of law. Accordingly, certiorari is granted, the decision of the Circuit Court is quashed, and the cause is remanded to the Circuit Court with directions to enter an order reversing the order of the Small Claims-Magistrate Court of 1 February 1971 and remanding the cause to the Small Claims-Magistrate Court for further proceedings.
CROSS and OWEN, JJ., concur.

 The title to the act reads:
“AN ACT relating to criminal trial procedure; amending chapter 932, Florida Statutes, by adding sections 932.61 through 932.66, to provide that a person charged with a violation of a county or municipal ordinance for which no jury trial is provided, when said violation is also a violation of state law, may cause the transfer of said case to the appropriate court in which a trial by jury is provided; establishing the method and procedure for such transfer ; providing for the transfer of surety bonds; providing suggested forms for such transfer; providing an effective date.’’