375 So.2d 885 (1979)
The STATE of Florida, Appellant,
v.
Samuel GELLIS, Appellee.
No. 79-469.
District Court of Appeal of Florida, Third District.
October 16, 1979.
*886 Janet Reno, State's Atty., and Milton Robbins, Asst. State's Atty., for appellant.
Jerold H. Reichler, Miami, for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
HUBBART, Judge.
The central question presented for review is whether the state is barred by the doctrines of double jeopardy, collateral estoppel or res judicata from re-filing an information which has previously been dismissed by the trial court under Fla.R.Crim.P. 3.190(c)(4). We hold that the state is not barred by any of these doctrines from re-filing the prior information. Accordingly, we affirm in part and reverse in part the order under review.
The facts pertaining to the above issue are as follows. The defendant Samuel Gellis was charged by information in two counts with (1) carrying a concealed firearm [§ 790.01(2), Fla. Stat. (1977)] and (2) carrying a concealed weapon [§ 790.01(1), Fla. Stat. (1977)] in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendant thereafter filed a sworn motion to dismiss this information under Fla.R. Crim.P. 3.190(c)(4) on the ground that the material facts of the case were undisputed and these facts did not establish a prima facie case of guilt against the defendant. The state did not traverse this motion. The trial court heard and granted the motion.
The state subsequently re-filed the same information. The defendant filed two motions to dismiss this information. The first motion was based on the sole ground that the trial court had previously dismissed the identical information in the cause. The second motion sought to dismiss count II of the information (a misdemeanor charge) on speedy trial grounds. The trial court heard these motions and granted them in a single order from which the state now appeals. We have jurisdiction to entertain this appeal. § 924.07(1), Fla. Stat. (1977).
The law is well-settled in Florida that the state is not barred from re-filing an information on the ground that the identical information has previously been dismissed under Fla.R.Crim.P. 3.190(c)(4). The doctrines of double jeopardy, collateral estoppel and res judicata, whether considered individually or collectively, cannot, under these circumstances, bar the state from re-filing the identical information. State v. Davis, 243 So.2d 587, 590 (Fla. 1971); Camp v. State, 293 So.2d 114, 115, n. 3 (Fla. 4th DCA 1974); State v. Giesy, 243 So.2d 635, 636 (Fla. 4th DCA 1971). The doctrine of res judicata applies only where, upon the re-filing of said information, the trial court is confronted with the identical motion to dismiss together with the identical traverse or demurrer, or lack thereof, as the court was previously confronted with when it dismissed the first information. Then, and only then, the court would be compelled to dismiss the second information on res judicata grounds as the identical issue had previously been litigated between the parties in the defendant's favor. Annot., 147 A.L.R. 991 (1943). Compare Balikes v. Speleos, 173 So.2d 735 (Fla. 3d DCA 1965), cert. den. 193 So.2d 434 (Fla. 1967). The latter did not occur in this cause, and, accordingly, the instant information was not subject to dismissal.
The state concedes that the trial court correctly dismissed count II of the information on speedy trial grounds. Fla.R.Crim.P. 3.191(a)(1). We, therefore, affirm the dismissal of the instant information as to count II of the information. We reverse the dismissal of count I of the information and remand the cause to the trial court for further proceedings.
Affirmed in part; reversed in part.