376 So.2d 927 (1979)
STATE of Florida, Appellant,
v.
Thomas A. SCHAFER, Appellee.
No. 79-530.
District Court of Appeal of Florida, Second District.
November 14, 1979.
*928 Jim Smith, Atty. Gen., Tallahassee and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
RYDER, Judge.
The State appeals dismissal of its information for burglary, alleging that the lower court erred in finding that prosecution under the information was barred by a prior order dismissing an identical information for failure to comply with a court discovery order. We agree that the dismissal of the first information did not bar subsequent prosecution, and we accordingly reverse.
On October 17, 1978, the State filed an information charging appellee with burglary. Appellee entered a plea of not guilty, and the case was set for trial January 3, 1979. On January 2, counsel for appellee filed a motion to continue, alleging that she was unable to depose a state witness. Since the State had not provided the address of the witness, the court ordered the State to produce the witness for deposition at 8:00 a.m. on January 3, 1979. The witness did not appear at 8:00 a.m. and when the trial docket was called at 8:30, appellee moved for sanctions requesting that the case be dismissed. The court entered an order of dismissal that date. In ruling on the motion, the court noted:
Now this is going to stop and it is going to stop now and the next time it happens I am going to dismiss the case, and the next time after that I am going to dismiss the case, and I am going to continue to dismiss the cases until the State decides they will start prosecuting them in the fashion a prosecution should be done.
The State refiled an identical information on January 11, 1979. In response thereto, appellee filed a motion to dismiss, arguing that the prior information and case had been dismissed and that the new information was merely an attempt to collaterally attack the prior dismissal. After hearing, the court agreed and dismissed the second information. From that order of dismissal, the State appeals.
Fla.R.Crim.P. 3.220(j) does not address whether the State may refile an information dismissed for failure to obey discovery orders. We are unable to find authority in Florida or in our sister states which persuasively resolves that question. However, we also find no authority to generally prevent the State from refiling an information after pretrial dismissal. We find support for our eventual conclusion from well-reasoned cases which hold that after pretrial dismissal on the merits pursuant to Fla.R.Crim.P. 3.190(c)(4), the State is not barred from refiling an information under certain circumstances. State v. Davis, 243 So.2d 587 (Fla. 1971); State v. Gellis, 375 So.2d 885 (Fla. 3d DCA 1979). We hold that the State may refile a dismissed information if not barred by the constitutional prohibition of double jeopardy, by prior presentation of the identical issue by res judicata, by a previous final order of dismissal with prejudice, or, of course, by a statute of limitations. See State v. Gellis, supra.
Dismissal of a criminal case before trial does not cause jeopardy to attach. See Lee v. United States, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); State v. Ressler, 257 So.2d 620 (Fla. 4th DCA 1971). Since the dismissal below was pretrial, the subsequent information presents no double jeopardy question.
The doctrine of res judicata applies when the court has previously resolved the identical issue presented. State v. Gellis, supra.
Below, the first dismissal was predicated only on a violation of a court discovery order. No discovery issues were raised under the second information. Thus, the doctrine of res judicata has no application to bar the second information.
*929 We are unable to interpret the dismissal to be with prejudice so as to preclude refiling, because the court did not specify that dismissal was final or with prejudice. The judge seemed to consider the measure punitive, noting only that he would continue to dismiss the case or cases until the State proceeded properly. We decline to hold the dismissal to be with prejudice without some clearly identifiable manifestation that the trial court intended such a result.[1]
REVERSED and REMANDED for further proceedings with instructions to reinstate the information.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] We note that a dismissal "with prejudice" under similar circumstances would probably preclude the State from refiling, but leave the State with unimpaired rights to appeal. See State v. Braden, 375 So.2d 49 (Fla. 2d DCA 1979). We do not here consider whether such a dismissal would be an abuse of the trial court's discretion if attacked on direct appeal.