385 So.2d 1160 (1980)
STATE of Florida, Appellant,
v.
Robert BACON, Appellee.
No. 79-1934.
District Court of Appeal of Florida, Second District.
July 11, 1980.
*1161 Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
OTT, Judge.
Appellee was arraigned on a charge of aggravated assault and waived his right to a speedy trial. When the case came on for trial the state was unable to proceed because the alleged victim had disappeared. The court thereupon dismissed the case, without prejudice. The next day the state refiled the same charge.
Appellee then filed a motion to dismiss on the ground that he had previously been placed in jeopardy for the same offense. At the same time, he filed a motion for discharge on the ground that the time for speedy trial had expired. Both motions were granted. We reverse both orders.
*1162 When charges against an accused are dismissed for any reason, the state can refile those same charges at any time unless prevented from doing so by (1) the constitutional prohibition against double jeopardy, (2) the doctrine of res judicata, (3) a statute of limitations, or (4) the dismissal of the first case with prejudice. State v. Schafer, 376 So.2d 927 (Fla. 2d DCA 1979). If the accused has waived his right to a speedy trial of the original charge, the time for bringing him to trial on the refiled charge (if based on the same conduct) is extended for a period equal to the time waived in the first case. State v. Corlew, 382 So.2d 787 (Fla. 2d DCA 1980); State v. Boyd, 368 So.2d 54 (Fla. 2d DCA 1979).
Here, appellee was arrested on March 14, 1979. He waived his right to a speedy trial (180 days in this case) on April 23rd. The charge was dismissed before trial was to commence on September 18th, and was refiled on September 19th. The time for starting the trial on the refiled charge was 180 days after March 14th, plus the 148 days elapsing from April 23rd through September 18th. Thus, there had been no violation of the speedy trial rule when appellee's motion was erroneously granted on October 11, 1979.
The court also erred if it based its dismissal of the case on a belief that the refiling of the charge against appellee somehow subjected him to double jeopardy. We cannot tell from the record before us whether the trial set for September 18th was to be before a jury or only the court, but in either event the result here would be the same  the trial never commenced and, as a consequence, jeopardy never attached. Rawlins v. Kelley, 322 So.2d 10 (Fla. 1975).
As a matter of fact, the record discloses that when the motion to dismiss came on for hearing appellee apparently abandoned his claim of double jeopardy and focused his main attack on the failure of the state to appeal the dismissal of the first information. He argued that since the dismissal was predicated on the failure of the state to proceed to trial at the time set, merely refiling the charge without appealing the dismissal was improper under Pena v. Schultz, 245 So.2d 49 (Fla. 1971).
Although, as previously noted, we do not know the basis for the order of dismissal, any reliance on Pena would be misplaced. In that case, as here, the information was dismissed when the state announced that it was not ready for trial because its witnesses were absent. From that point on, however, there is no similarity between the cases. In Pena the trial court later reversed itself, set aside its order of discharge, and ordered the case to trial. Pena then brought habeas corpus proceedings in the circuit court, and the writ was sustained. Without appealing the granting of that writ, the state simply filed a new information. That, the state supreme court ruled, was improper because the writ was a final and res judicata determination that Pena's fundamental (as contrasted with statutory) right to a speedy trial had been violated. No such bars to refiling appear in the case at bench; nor could they, since appellee had specifically waived his right to a speedy trial.
Since we are returning this case to the court below for trial, and since we do not have any exact information about why the court ruled as it did, we will address the merits of an ancillary attack made by appellee upon the sufficiency of the second information. When his motion to dismiss, on the stated ground of former jeopardy, came on for hearing he argued as an additional ground that the information was insufficient in that it had not been based upon either a valid indictment or "sworn testimony", as required by law. Bradley v. State, 208 So.2d 140 (Fla. 3d DCA 1968).
The information filed in this case on September 19, 1979, contains the following certification:
Personally appeared before me, JAMES T. RUSSELL, the undersigned State Attorney for the Sixth Judicial Circuit of Florida, in and for Pasco County, or his duly designated Assistant State Attorney, who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that *1163 have been sworn to as true, and which if true, would constitute the offense therein charged; hence this information is filed in good faith in instituting this prosecution, and that testimony was received under oath from a material witness or witnesses.
 Robert P. Cole
 Designated Assistant
 State Attorney
Appellee argued that if an information is not based on a valid indictment, then it must be supported by the sworn affidavit of some person who knows the facts and "will testify at trial." We cannot fathom just where appellee got that notion, and he has not appeared in this court to explain his position. One thing is certain  the Rules of Criminal Procedure of this state contain no such requirement. Rule 3.140(g) provides:
An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution and certifying that he has received testimony under oath from the material witness or witnesses for the offense.
The information in question here follows that requirement punctiliously. The record does not reveal whether the learned trial judge gave any weight to appellee's argument, and we would assume that he did not, but out of an abundance of caution we scotch any notion that the information was defective.
In closing, we would add a postscript to this opinion. We have not had the benefit of assistance by the appellee on this appeal. We can only speculate as to why he did not deem it advisable to avail himself of the services of appointed or privately retained counsel and insure that his position was fully articulated during these proceedings. As must be obvious, of course, this court and its staff have sifted the record (such as it is) with a fine screen to turn up any support for the orders below. Such orders come to an appellate court clothed in a presumption of correctness, and as a consequence we will search a record, sue sponte if necessary, to support them. Our message to appellees in general, however, is that total and exclusive reliance upon that presumption is not recommended. It could be a most dangerous roulette.
The orders of the trial court dismissing the case and discharging appellee are reversed and the case is remanded for further proceedings.
HOBSON, Acting C.J., and CAMPBELL, J., concur.