388 So.2d 308 (1980)
The STATE of Florida, Appellant,
v.
Johnny ANDERS, Appellee.
No. 80-401.
District Court of Appeal of Florida, Third District.
September 16, 1980.
Rehearing Denied October 14, 1980.
Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
After the state had been granted a continuance, Anders' burglary case was called for trial again. On that occasion the prosecution stated that it was neither ready nor anticipated being so within the near future. By failing to take a nolle prosse, and explicitly declining to move for another continuance-either of which would have maintained some life in the case-the state clearly invited the court to administer the coup de grace. The trial judge accepted the invitation and complied. He dismissed the case for lack of prosecution and ordered the defendant discharged.[1]
*309 The circumstances under which the dismissal was granted[2] and the words employed by the trial court provided a "clearly identifiable manifestation that [it] intended [the dismissal to be with prejudice]." State v. Schafer, 376 So.2d 927, 929 (Fla.2d DCA 1979). It was consequently perfectly correct in entering the order now under review[3] which dismissed, this time explicitly with prejudice, a new information which the state, having thought better of its earlier representations to the court, filed the very next day.[4] See, State v. Schafter, supra, in which the court indicated at 376 So.2d 928 that the state may not refile an information if barred "by a previous final order of dismissal with prejudice." Compare, State v. Bacon, 385 So.2d 1160 (Fla.2d DCA 1980) (earlier dismissal "without prejudice"); State v. Wells, 277 So.2d 543 (Fla.3d DCA 1973) (no indication that earlier dismissal was with prejudice).
Affirmed.
NOTES
[1] The entire colloquy is set out below.

THE COURT: Okay. The bottom of 143, Johnny Anders.
MS. HOAGUE [assistant state attorney]: Your Honor, the State is not ready.
THE COURT: Is Johnny Anders here?
MS. HOAGUE: Yes.
THE COURT: You are Johnny Anders?
THE DEFENDANT: Yes.
MR. WHITE [defense counsel]: Your Honor, on behalf of the defendant, we would ask the case be dismissed on lack of prosecution.
MS. HOAGUE: The state does not anticipate being ready in the near future. We have not had-
THE COURT: You are not ready, and you do not anticipate being ready?
MS. HOAGUE: The State would not be requesting a continuance at this time.
MR. WHITE: We move it to be dismissed, your Honor, for lack of prosecution.
THE COURT: Case is dismissed. Lack of prosecution. The defendant is discharged.
(Thereupon, the proceedings were concluded.)
[2] If the trial judge had determined to go forward with a "trial" for which the state was not prepared, and had ordered a jury or a witness sworn, refiling would have been precluded on double jeopardy grounds. While the state's acquiescence to a dismissal instead should be viewed, therefore, as no more than a commendable effort to save the court's time, the end result should not be different.
[3] Although the propriety of the first dismissal is not specifically be fore us in this proceeding, we observe both that the court was authorized to dismiss the case with prejudice on the ground that the prosecution had been abandoned, see, State v. Alvarez, 258 So.2d 24 (Fla.3d DCA 1972), and that the state would be barred by the invited error rule from asserting otherwise. 3 Fla.Jur.2d Appellate Review § 294 (1978). It is hardly acceptable, therefore, to permit the state to accomplish indirectly in this appeal from the later dismissal, what it could not achieve directly by challenging the first one.
[4] Perhaps this case may be cited for the proposition that the "gotcha!" doctrine applies not only to criminal, as well as civil cases, State v. Belien, 379 So.2d 446 (Fla.3d DCA 1980), but to the prosecution as well as the defense. See also, State v. Weir, 380 So.2d 1297 (Fla.3d DCA 1980), rev. denied (Fla. 1980).