CAMPBELL, Judge.
Appellant, the State of Florida, seeks review of the trial court’s order granting appellee’s motion for discharge. We reverse.
The issue on appeal is whether a waiver of the 180-day speedy trial rule in Rule of Criminal Procedure 3.191(a)(1), prior to the entry of a nolle prosequi of an information, is effective as to a subsequently filed indictment based on the same episode.
Appellee, Jose P. Albanez, was arrested May 8, 1982, and charged by information with introduction of cannabis into the State of Florida in violation of section 893.-13(l)(d), Florida Statutes (1981). Counsel for defense was granted four continuances. On December 3, 1982, a nolle prosequi was filed. On April 28, 1983, appellee was charged by indictment with eight counts of trafficking in cannabis, criminal conspiracy to traffic in cannabis and cocaine into the State of Florida. The original information and count III of the indictment were based on the same criminal episode.
Appellee filed a motion for discharge, directed to count III of the indictment, under rule 3.191 and State v. Bacon, 385 So.2d 1160 (Fla. 2d DCA 1980), on September 9, 1983. Under Bacon, this court held that a defendant who waives speedy trial must be brought to trial within 180 days following his arrest, plus the period of time elapsing between the waiver of speedy trial and the dismissal of the original information. Appellee claimed he was entitled to be brought to trial within 316 days following his arrest: (1) 180 days under the speedy trial limitation, and (2) 136 days attributable to defense delays. The trial court, relying on Bacon, granted the motion for discharge and adopted the defense pleadings.
We find that the trial court erred by applying the formula described in Bacon. Shortly after Bacon, the Florida Supreme Court decided Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980), and held that after a defense continuance, the 180-day speedy trial rule no longer applies. Id. at 970, citing State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971). In Fluellen, the court indicated that the defendant must reactivate his right to speedy trial by filing a demand for speedy trial under Rule of Criminal Procedure 3.191(a)(2) or a motion for discharge which is denied under Rule of Criminal Procedure 3.191(d)(3); without such action, the statutorily provided speedy trial is waived forever.
Prior to Fluellen, the effect of the continuance was not so clear. In Cullen, cited *597 by Fluellen for the proposition that a defense continuance waives speedy trial, the court also held that the case must be set for trial within a reasonable time. The court went on to say, “In the absence of the time limitation specified in the Speedy Trial rule, the right to a speedy trial is necessarily relative.” Cullen at 863. This court, in addressing cases where a second information was filed following defense continuances under the original information, followed Cullen by enlarging or tolling the 180-day speedy trial limitation relative to the amount of delay attributable to the defendant. See Bacon; Swanson v. Love, 290 So.2d 112 (Fla. 2d DCA 1974); Griffith v. State, 299 So.2d 618 (Fla. 2d DCA 1974). Under Fluellen, the approach of enlarging or tolling the 180-day speedy trial period is improper because the defense continuance clearly waives the speedy trial rule completely and, therefore, unless reactivated by a demand or denied motion for discharge, carries over to a refiled information. This principle was recognized by this court in State v. Vukojevich, 392 So.2d 297 (Fla. 2d DCA 1980). See also State v. Condon, 444 So.2d 73 (Fla. 4th DCA 1984); State v. Cocalis, 443 So.2d 138 (Fla. 3d DCA 1984); Conner v. State, 398 So.2d 983 (Fla. 1st DCA 1981); State v. Brown, 394 So.2d 218 (Fla. 5th DCA 1981).
For the foregoing reasons, we find that appellee’s waiver of speedy trial, prior to the entry of the nolle prosequi on the original information, carried over to count III of the subsequent indictment. Therefore, the speedy trial limitation had not run as to the indictment. We reverse the trial court’s order granting appellee’s motion for discharge.
HOBSON, A.C.J., and SCHOONOVER, J., concur.