COBB, Chief Judge.
The appellee, Bruce Haynes, was charged below with delivery and possession of cannabis. Allegedly, the cannabis had been sold or delivered to one William Hol-brook, now a resident of New York State. The appellee filed a written plea of not guilty, and the case was set for trial on March 16, 1984.
On the morning of the trial, the state made an oral motion before the lower court to continue the case and to extend the time period for speedy trial, pursuant to Florida Rule of Criminal Procedure 3.191(f), for exceptional circumstances.[1] The state contended that it needed a continuance because its primary witness, Holbrook, had *1250 not arrived for trial. It was represented to the trial court that Holbrook had run out of gas in a snowstorm on his way to the airport in New York, and had missed his flight to Florida. Holbrook had not been subpoenaed. The court denied the motion, stating:
THE COURT: I’m going to deny the motion. I think the first threshold in a diligent effort is that you subpoena the witness.
I think that, I think that even extraordinary efforts to compel the voluntary attendance of an unsubpoenaed witness is probably not sufficient.
This is consistent with the way I’ve generally ruled in this situation.
Denied.
MR. COCCHIARELLA [For the State]: Just, I suppose this is pointless, but, again, it’s not an unwillingness, ran out of gas. If he had been subpoenaed he wouldn’t be here.
# * * * * 5⅜
MR. COCCHIARELLA: We can’t subpoena somebody from New York to Florida.
THE COURT: I think you can. We have interstate compacts.
Deny the motion to continue.
MR. WELLS [For the Defense]: Like to move, make an ore tenus motion that the state be, the defendant be discharged in this case pursuant to the fact the state would not have sufficient evidence in which to obtain—
THE COURT: Beyond that, just dealing with one witness?
MR. WELLS: Already had, I believe, Your Honor, characterization from the prosecutor that this witness is, essentially, the most important witness.
THE COURT: Not announced—
MR. COCCHIARELLA: I can’t go forward.
THE COURT: Okay. Are you going to dismiss the case?
MR. COCCHIARELLA: No, sir, I just can’t go forward because we don’t have this witness.
THE COURT: What are you going to do then? I’ve denied the motion to continue.
MR. COCCHIARELLA: I think the Court’s going to have to grant the motion to dismiss.
THE COURT: Okay, I’ll grant the motion to dismiss.
The court thereafter released an order dismissing the charges in the case, stating:
THIS CAUSE having come on to be heard in Chambers on March 16, 1984, and this Court having been fully advised and the State having announced that it was unprepared to proceed with the scheduled jury trial, it is:
ORDERED and ADJUDGED that all charges brought in this case are:
DISMISSED.
The state appeals the order of dismissal.
At the outset, we must determine whether or not we are dealing with an appealable order under Florida Rule of Appellate Procedure 9.140(c), which delineates the instances in which the state is permitted to appeal an order. Subsection (1)(A) thereof lists dismissal of an information or any count thereof as one such instance.
Several Florida cases are relevant to our considerations. In State v. Alvarez, 258 So.2d 24 (Fla. 3d DCA 1972), the Third District held that a trial judge in a criminal prosecution has the inherent power to declare the prosecution abandoned. In Alvarez, the state attorneys were consistently tardy for, or absent from, court appearances and evinced little interest in the prosecution. As a result the court determined that the prosecution of the cause had been abandoned by the state, thus warranting dismissal of the information.
In State v. Hamilton, 387 So.2d 555 (Fla. 2d DCA 1980), the Second District reviewed a dismissal of an information for lack of prosecution. In Hamilton, the state, on the date of trial, orally moved for continuance on the ground that a law enforcement officer needed for the trial was unavailable. The state had been granted another continuance two months previously when the *1251 case was first set for trial. On the second trial date, two weeks remained before the time for speedy trial would have run. The Hamilton court held, however, that the dismissal of the information by the trial court for lack of prosecution was too extreme a sanction in that case where there was no showing of prejudice or unfairness to the appellee. The court suggested that the trial court could have properly denied the state’s motion for continuance; then if the state was unable to prove a prima facie case at trial because of the unavailability of the witness, a directed verdict for the appellee would have been in order.
A similar situation was presented in the case of State v. Evans, 418 So.2d 459 (Fla. 4th DCA 1982). In Evans, the trial date had been continued once at the defendant’s behest and twice at the state’s. After the third continuance, a trial date of August 6, 1981, was set. The speedy trial period was due to expire on September 18, 1981. On the day of the trial, both the state and the defense announced ready, but then the state sought another continuance claiming unavailability of a witness. The trial judge indicated his doubt that the state was ready for trial and, without a defense motion, dismissed the action for lack of prosecution. The state objected, stressing its willingness to proceed to trial. The Fourth District reversed the lower court’s dismissal of the information, holding that it had abused its discretion in that the trial court could have forced the state to trial simply by denying the motion for continuance. The Fourth District pointed out that the state would then have had the option to nolle prosse or it could have attempted to make its case without the unavailable witness. In the present case the state, unlike Evans, said that it was unable to proceed.
In none of the cited cases — Alvarez, Hamilton or Evans — did the prosecution concede its inability to proceed and, at the same time, refuse to nolle prosse. In that respect, the case closest in point appears to be State v. Anders, 388 So.2d 308 (Fla. 3d DCA 1980), review denied, 392 So.2d 1379 (Fla.1981). In Anders, the prosecution, at time of trial, stated that it was not ready for trial and did not anticipate being ready in the near future, but did not nolle prosse and specifically declined to move for continuance. The trial judge dismissed for lack of prosecution, and ordered the defendant discharged. The next day the state, having reconsidered its position, filed a new information. The trial court then explicitly dismissed with prejudice, and the appellate court affirmed with the observation that the first dismissal had been invited by the state’s failure to nolle prosse or move for a continuance when it could not proceed. Footnote 2 of the majority opinion in An-ders states:
If the trial judge had determined to go forward with a “trial” for which the state was not prepared, and had ordered a jury or a witness sworn, refiling would have been precluded on double jeopardy grounds. While the state’s acquiescence to a dismissal instead should be viewed, therefore, as no more than a commendable effort to save the court’s time, the end result should not be different.
Id. at 309. Thus, Anders implied that the state’s conduct created a situation analogous to a stipulated judgment of acquittal due to lack of evidence, which would not be appealable. The Anders appeal, however, was not dismissed but affirmed on the merits.
The instant case is distinguishable from Anders in that here the state moved for continuance. Hence, there is less reason to view its acquiescence in the dismissal as analogous to a stipulated judgment of acquittal based on insufficient evidence. Upon denial of its motion for continuance, the state was left with two apparent options: (1) a voluntary dismissal without prejudice prior to trial, or (2) commencement of the trial with the swearing of a jury, which would result in an adverse judgment based on insufficient evidence. The latter option, of course, would have precluded refiling by the state on double jeopardy grounds. Had the state elected the former option, it could have refiled the information and, if then confronted by the prospect of a speedy trial dismissal, argued *1252 that the trial court was in error in denying its previous motion for continuance, thus preserving the issue for appeal.
The state was not forced to this election, however, by reason of the precipitate defense motion to discharge the defendant, characterized by the assistant state attorney as a “Motion to Dismiss” and apparently considered as such by the trial court. Since it preceded the empanel-ling of a jury or the swearing of a witness, and cannot fairly be characterized as a stipulated judgment of acquittal, the dismissal can only be characterized as one for lack of prosecution—which may be with prejudice, as in Anders, or without prejudice, as in State v. Passifume, 420 So.2d 406 (Fla. 4th DCA 1982). In either event, such a dismissal is appealable as a dismissal of the information under Rule 9.140(c)(1)(A). See Anders, Alvarez, Evans, Hamilton.
Therefore, we reach the merits of the state’s contention that the trial court erred in denying its motion for continuance, which in turn resulted in the dismissal of the information. We disagree with the trial court’s finding that a subpoena or Chapter 942 witness extradition summons is a condition precedent (or, as the trial court phrased it, a “first threshold”) to consideration of whether the absence of an essential witness is due to “unforeseeable and unavoidable” factors constituting “exceptional circumstances” under Florida Rule of Criminal Procedure 3.191(f). Nothing in this rule explicitly compelled such a finding by the trial court, although there is case law which suggests that the general rule of law, subject to exceptions, is that a party should subpoena the witnesses he intends to rely upon at trial. See State v. Levine, 258 So.2d 468 (Fla. 3d DCA 1972). Other cases state that “the better practice is to subpoena witnesses who may be called to testify at trial, rather than to rely upon their voluntary appearance.” Coplan Pipe & Supply Co. v. Ben-Frieda Corp., 256 So.2d 218 (Fla. 3d DCA 1972).
Perhaps the ideal would be to have every essential witness in every case, whether local or out-of-state, served with process to appear. But we do not believe that such process is the sine qua non preceding consideration of the question as to whether Holbrook’s absence on the day of the scheduled trial was “unforeseeable and unavoidable” so as to constitute an “exceptional circumstance” warranting a state continuance. The failure of the state to utilize a Chapter 942 witness extradition summons is only one factor in making that determination.
The trial judge in this case based his denial of a continuance solely on that one factor. We believe this to be error; therefore, we reverse the dismissal of the information and remand for further consideration by the trial court of the merits or ■ demerits of the motion for continuance in accordance with this opinion. If the trial court, upon consideration of all the factors attendant upon Holbrook’s absence from the scheduled trial, determines that the motion should have been denied, then he should again dismiss this cause based upon the state’s failure to prosecute. If the trial judge determines the motion should have been granted, then the cause should be rescheduled for trial in due course.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.

. Rule 3.191(f) provides:
Exceptional circumstances. As permitted by subsection (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the state or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; ...