506 So.2d 462 (1987)
STATE of Florida, Appellant,
v.
Lazaro PADRON, Appellee.
No. 86-1231.
District Court of Appeal of Florida, Second District.
April 22, 1987.
Robert A. Butterworth, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender and D.P. Chanco, Asst. Public Defender, Bartow, for appellee.
RYDER, Acting Chief Judge.
The facts of this case are straightforward and are not in dispute. Appellee was charged by information. During a hearing before the trial judge, there was a discussion concerning the unavailability of witnesses. The state moved for a continuance. After argument on the motion, the judge denied the motion and stated, "The state will have the opportunity to nol prosse if they wish." The state responded that the case will be nol prossed and then refiled. Defense counsel moved for dismissal. After discerning that the state intended to nol prosse and then refile, the court entered an order of dismissal and discharged appellee from further prosecution. This appeal timely followed.
We hold that the trial judge abused his discretion in restricting the state attorney's discretion to nol prosse cases. The matter at hand is similar to the case of State v. Kahmke, 468 So.2d 284 (Fla. 1st DCA 1985), in which the first district held that the trial court abused its discretion in dismissing the cases before it. "The decision to file a nol prosse is within the sole discretion of the state." Id. at 285. The state's discretion in this area is limited by practical considerations. See State v. Stell, 407 So.2d 642, 643 (Fla. 4th DCA 1981).
Appellee argues that a case from our district, State v. Schafer, 376 So.2d 927 (Fla. 2d DCA 1979), is controlling. Schafer expressly refuses to address the issue now before us. "We do not here consider whether such a dismissal [with prejudice *463 after a nol prosse] would be an abuse of the trial court's discretion if attacked on direct appeal." Id. at 929, n. 1. We also find instructive here the case of State v. Darnell, 335 So.2d 638 (Fla. 4th DCA 1976), in which the fourth district struck down "an administrative order of the Eighteenth Judicial Circuit (not approved by the Supreme Court of Florida) which circumscribes the power of the state to refile an information subsequent to a nolle prosequi." Id. at 639.
We reverse the trial court, vacate its order and remand with instructions that the state be allowed to refile the information against appellee limited only by the practical considerations set out in Stell.
Reversed and remanded with instructions.
SCHOONOVER and SANDERLIN, JJ., concur.