TORPY, J.
The State challenges an order dismissing the second count of an information which charged Appellee with battery on a person 65 years of age or older. By cross-appeal, Appellee challenges that portion of the order that denies his Motion to Dismiss as it relates to Count 1 of the information.
Initially, the State charged Appellee with battery on his 82-year-old father. Appellee filed a Motion to Dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), to which the State did not traverse. Based on the lack of a traverse, the lower court dismissed the information. Thereafter, the State filed a new information. Count 2 of the new information was essentially the same charge that had been previously dismissed. When Appellee filed a Motion to Dismiss directed at the new information, the State filed a legally sufficient traverse. The trial court granted the motion as to Count 2, apparently believing that the prior order of dismissal was res judicata. It was not. Because the State had not previously filed a traverse, the earlier dismissal did not preclude the State from re-filing the same charge and avoiding a dismissal by filing a legally sufficient traverse. State v. Gellis, 375 So.2d 885 (Fla. 3d DCA 1979).
Appellee’s cross-appeal challenges the denial of the Motion to Dismiss Count 1. We find Appellee’s challenge as to Count 1 to be without merit, and that portion of the court’s order is affirmed.
The order dismissing Count 2 of the information is reversed and this cause is remanded for further proceedings consistent herewith.
REVERSED in part; AFFIRMED in part and REMANDED
THOMPSON and MONACO, JJ., concur.