TORPY, J.
After the lower court granted a rule 3.190(c)(4) motion to dismiss to which no traverse had been filed, the.State refiled the same charges. Upon motion, the lower court dismissed the refiled charges concluding that it had granted the first motion “with prejudice.”- The State challenges the order dismissing the refiled charges.[1] We affirm.
Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Appellee filed a motion to dismiss in which he alleged that the property he was accused of taking was actually his own property. The State failed to file a traverse.
A hearing was held during which the following transpired:
THE CLERK: Larry Sadler, 2004-498.
THE COURT: Yes, sir?
MR. MILITELLO [defense counsel]: Your Honor, approaching the podium is Larry Sadler. Mr. Sadler’s case was set for a Motion to Dismiss which is set for today. It’s my understanding that the *648 state attorney’s office has reviewed the motion and will acknowledge in good faith they cannot traverse the motion.
THE COURT: All right. So let me just turn to the file on Mr. Sadler. It does appear to be a legally sufficient, properly drawn C-4 Motion to Dismiss. Mr. Norville, can the state, in good faith, traverse it?
MR. NORVILLE: No. Your Honor. As a matter of fact, we had the chief of security for the corporation in for deposition, I believe, it was last Friday, and he states that they could not state that the property was — that was taken was, in fact, their property.
THE COURT: Very good. So based upon that, once, again, Mr. Norville, you continue to live up to the highest expectations of a prosecutor, which is to seek justice, not merely convictions. And as such,, since there’s no good faith traverse, the motion is granted. And, Mr. Sadler, you may go hence without day. Case is dismissed. Thank you, Mr. Mil-itello.
(Emphasis added).
One month after the hearing, the State filed another information charging Appel-lee with the same criminal conduct alleged in the dismissed case. Appellee again moved to dismiss the charges. This time the State traversed. At the hearing on the motion, the prosecutor explained that he had not contacted the victim prior to the hearing on Appellee’s first motion to dismiss. Since that time, however, he had spoken to the victim and did have a good-faith basis to traverse the motion. The State argued that it w;as not precluded from refiling the original charges because it had not filed a traverse to the original motion to dismiss:
At the conclusion of the hearing the trial court granted the defense motion stating:
THE COURT: Thank you very much. This is the Court’s ruling, Mr. Militello [defense counsel]. I’m going to grant the Motion to Dismiss for the follow [sic] reasons: I find that the dismissal that I granted back in November 4 was with prejudice. It was this Court’s intent with prejudice.
[[Image here]]
If I haven’t said it at least once, I’ve said it twice or three times, when I say go hence without day, that reflects back to 30 years of my experience when go hence without day means this case is over for Sadler. That’s as far as I’m concerned.
We commence our discussion by noting the general rule that, when the State does not traverse a rule 3.190(c)(4) motion, the State is not precluded from refiling the same charges after a dismissal. State v. Soto, 869 So.2d 641 (Fla. 5th DCA 2004). Notwithstanding the general rule, however, when the court dismisses the charges “with prejudice,” the State may not refile the charges. State v. Carter, 452 So.2d 1137, 1139 (Fla. 5th DCA 1984). Here, the lower court did not use the words “with prejudice” when it dismissed the information. Thus* the issue for our determination in this appeal is whether the “circumstances under which the dismissal was granted and the words employed by the trial court provided a ‘clearly identifiable manifestation’ ” that the lower court intended to dismiss the charges with prejudice. State v. Anders, 388 So.2d 308, 309 (Fla. 3d DCA 1980) (footnote omitted). We conclude that the trial court correctly determined that a dismissal with prejudice was intended.
Here, the circumstances suggest that, at the time of the first dismissal, the State did not intend to continue its prosecution. The prosecutor informed the court that, based on information provided by the cor *649 porate victim’s representative, it could not prove its case and, therefore, could not traverse the motion. These circumstances, coupled with the court’s use of the phrase “go hence without day,” which are traditional words of finality, clearly support the conclusion that the dismissal was intended to be “with prejudice.” See Raymond v. Caldwell Banker Residential Real Estate, Inc., 848 So.2d 1160 (Fla. 4th DCA 2003) (“go hence without day” are traditional words of finality); Black’s Law Dictionary (8th ed.2004) (“go hence without day” means that case is finally resolved). Although this phrase is more customarily used in connection with civil proceedings, we think the language applies with equal import under the circumstances presented here.
AFFIRMED.
SAWAYA, J., concurs.
GRIFFIN, J., dissents with opinion.

. The State did not appeal-the first order. Therefore,- we do- not address the propriety of the first dismissal. State v. Anders, 388 So.2d 308, 309, n. 3 (Fla. 3d DCA 1980).