# Third District Court of Appeal

## State of Florida

Opinion filed May 04, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-726
Lower Tribunal No. 14-53-P
_____

**The State of Florida,**
Appellant,

vs.

**Ryan Charles Lindemuth,**
Appellee.

An Appeal from the Circuit Court for Monroe County, William R. Ptomey, Jr., Judge.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Howard K. Blumberg, Special Assistant Public Defender, and Marlene Brito and Elaine A. Carbuccia, Certified Legal Interns, for appellee.

Before ROTHENBERG, SALTER, and SCALES, JJ.

ROTHENBERG, J.

The issue before this Court is whether the State may re-file an information that has been dismissed without prejudice after the trial court struck and therefore did not consider the State's response to the defendant's sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). For the reasons that follow, we conclude that the State was not barred from re-filing an identical information. We therefore reverse the trial court's order dismissing the re-filed information and remand for further proceedings.

The defendant, Ryan Charles Lindemuth, was charged by information with one count of interference with the custody of a minor in violation of section 787.03(1), Florida Statutes (2014). The defendant filed a sworn motion to dismiss the information pursuant to rule 3.190(c)(4), asserting that there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt against the defendant.

An hour prior to the scheduled hearing on the defendant's motion to dismiss the information, the State filed an unsworn "Traverse/Demurrer," setting forth facts not provided by the defendant in his sworn motion to dismiss and asserting that these facts, along with the facts alleged in the defendant's motion to dismiss, established a prima facie case of interference with the custody of a minor in violation of section 787.03(1). At the hearing, defense counsel moved to strike the State's traverse/demurrer because it was unsworn and untimely filed. Although the

Assistant State Attorney was prepared to swear to his traverse/demurrer in open court and had moved for a continuance to allow defense counsel to review the State's responsive pleading, the trial court struck the traverse/demurrer on the basis that it was untimely filed and unsworn. Based on the facts alleged in the defendant's unrebutted sworn motion to dismiss, the trial court dismissed the information without prejudice to allow the State to file an "amended information" and set the matter for a status hearing.

Thereafter, the State filed a new information that was identical to the information dismissed without prejudice by the trial court except for the new date and signature on the document. Because the State's re-filed information was identical to the information previously dismissed, the trial court *sua sponte* dismissed the re-filed information. This was clearly error.

First, when the trial court *sua sponte* dismissed the re-filed information there was no pending motion to dismiss that information. The only motion to dismiss filed by the defendant was a motion to dismiss the initial information. It was clearly error to dismiss the charges where no written motion to dismiss had been filed. See State v. Suazo, 973 So. 2d 1273, 1273-74 (Fla. 2d DCA 2008) ("This court has repeatedly held that it is improper for a trial court to dismiss charges when the defendant has not filed a written motion to dismiss.") (citing Fla. R. Crim. P. 3.190(a)).

3

Second, the dismissal of the re-filed information based on the fact that it was identical to the information previously dismissed without prejudice was also error and is in direct conflict with clear and binding precedent of this Court. The identical issue was decided by this Court over twenty-five years ago in State v. Gellis, 375 So. 2d 885 (Fla. 3d DCA 1979). In Gellis, the defendant filed a rule 3.190(c)(4) motion to dismiss, which the trial court granted because the State did not file a traverse. When the State re-filed the identical information, the defendant moved to dismiss the re-filed information on the ground that the trial court had previously dismissed the identical information. Following a hearing, the trial court granted the defendant's motion to dismiss the re-filed information, and the State appealed. In reversing the dismissal of the re-filed information, this Court held:

> The law is well-settled in Florida that the state is not barred from re-filing an information on the ground that the identical information has previously been dismissed under Fla. R. Crim. P. 3.190(c)(4). The doctrines of double jeopardy, collateral estoppel and res judicata, whether considered individually or collectively, cannot, under these circumstances, bar the state from re-filing the identical information. The doctrine of res judicata applies only where, upon the re-filing of said information, the trial court is confronted with the identical motion to dismiss together with the identical traverse or demurrer, or lack thereof, as the court was previously confronted with when it dismissed the first information. Then, and only then, the court would be compelled to dismiss the second information on res judicata grounds as the identical issue had previously been litigated between the parties in the defendant's favor. The latter did not occur in this cause, and, accordingly, the instant information was not subject to dismissal.

Gellis, 375 So. 2d at 886 (citations omitted); see also State v. Soto, 869 So. 2d 641

4

(Fla. 5th DCA 2004) (holding that when the State does not traverse a rule 3.190(c)(4) motion to dismiss, the State is not precluded from refiling the same charges after dismissal, citing to Gellis).

Gellis is directly on point and binding precedent upon which the trial court was compelled to follow. Because the trial court struck the State's traverse/demurrer to the initial information, it is as if no traverse had been filed, and thus, the trial court did not address or rely on the State's traverse/demurrer when it dismissed the initial information. Therefore, there has never been a ruling on a sworn motion to dismiss that was traversed by the State.

Accordingly, the trial court erred by: (1) *sua sponte* dismissing the re-filed information where there was no motion to dismiss filed as to that information; and (2) dismissing the re-filed information based solely on the ground that it was identical to the information that had been previously dismissed without prejudice. We therefore reverse the order under review and remand for further proceedings. On remand, the defendant may file a sworn motion to dismiss the re-filed information to which the State may traverse or demur, and thereafter, in ruling on the defendant's motion to dismiss, the trial court must consider any sworn and timely filed traverse/demurrer filed by the State.

Reversed and remanded.